[Crim. No. 41078. Second Dist., Div. Two. May 17, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
GERALD EDWIN DRUSCHEL, Defendant and Appellant.

**COUNSEL**

Paul Arthur Turner for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEACH, J.**—On April 20, 1981, Gerald Edwin Druschel was sentenced to state prison for a total aggregate unstayed term of three years four months following revocation of probation previously granted in Los Angeles Superior Court cases Nos. A586723 and A586797.[1] On July 8, 1981, appellant, represented by counsel, obtained an order for nine months fifteen days of presentence credit. The court, however, refused the request to order a report prepared pursuant to Penal Code section 1170, subdivision (d).[2] It is here claimed that "[a]ppellant had a right to be personally present at the post-judgment sentencing hearing."

We need not reach the merits of the appeal. By its own terms, defendant has no standing to make a motion for recall of sentence pur-

[1]This aggregate is made up of the following components: middle two-year term as to count I in case A586723, consecutive subordinate term of eight months as to count III of that case; consecutive subordinate term of eight months as to count II in case No. A586797.

[2]Penal Code section 1170, subdivision (d), in pertinent part, provides: "When a defendant subject to this section ... has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion ... recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not been previously sentenced ...."

suant to Penal Code section 1170, subdivision (d), and the denial of such a motion is not one which affects the substantial rights of the defendant within the meaning of Penal Code section 1237, subdivision 2. (See *People* v. *Niren* (1978) 76 Cal.App.3d 850, 851 [143 Cal.Rptr. 130].) Nothing in *In re Cortez* (1971) 6 Cal.3d 78, 89 [98 Cal.Rptr. 307, 490 P.2d 819] concerning the defendant's presence at a postjudgment proceeding to determine the validity of a prior requires that we declare that a defendant has the right to be present when he unsuccessfully requests a recall pursuant to Penal Code section 1170, subdivision (d). The appeal being irregular, it is subject to dismissal. (Pen. Code, § 1248; *People* v. *Bond* (1981) 115 Cal.App.3d 918, 922-923 [172 Cal.Rptr. 4].)

The appeal is dismissed.

Roth, P. J., and Compton, J., concurred.