Filed 6/19/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BENNIE JAY TEAL, | B247196 |
| Petitioner, | (Los Angeles County Super. Ct. No. NA026415) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in Mandate. William C. Ryan, Judge. Petition Denied.

Richard B. Lennon, under appointment by the Court of Appeal, for Petitioner.

No appearance by Respondent.

No appearance by Real Party in Interest.

Bennie Jay Teal is serving an indeterminate life term under the Three Strikes law following his conviction in 1996 for making a criminal threat. On January 22, 2013 the trial court denied Teal's petition for recall of sentence pursuant to Penal Code section 1170.126[1] on the ground Teal is ineligible for resentencing. (§ 1170.126, subd. (f).) Teal filed a notice of appeal on February 21, 2013; we appointed counsel to represent Teal on appeal; counsel filed an opening brief on June 13, 2013 pursuant to *People v. Wende* (1979) 25 Cal.3d 436, which raised no issues and asked this court to independently review the record.

The order denying Teal's petition is not appealable but may be reviewed by a petition for writ of mandate. Accordingly, we treat the purported appeal as a petition for writ of mandate and summarily deny the petition. (See generally *Olson v. Cory* (1983) 35 Cal.3d 390, 401.)

The right of appeal is statutory, and a judgment or order is not appealable unless expressly made so by statute. (*People v. Totari* (2002) 28 Cal.4th 876, 881; *People v. Mazurette* (2001) 24 Cal.4th 789, 792.) As relevant here, an inmate like Teal may appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

Proposition 36 (the Three Strikes Reform Act of 2012) amended sections 667 and 1170.12 to limit Three Strikes sentences to current convictions for serious or violent felonies and a limited number of other felonies (for example, a felony offense that results in mandatory registration as a sex offender [§§ 667, subd. (e)(2)(C)(ii), 1170.12, subd. (c)(2)(C)(ii)]) unless the offender has a prior strike conviction that falls within one of several enumerated categories (for example, offenses punishable by life in prison [§§ 667, subd. (e)(2)(C)(iv)(VIII), 1170.12, subd. (c)(2)(C)(iv)(VIII)]). Section 1170.126 establishes a procedure for qualified inmates serving indeterminate life sentences under the Three Strikes law to seek resentencing under the terms of the amended law. However, section 1170.126, subdivision (a), expressly limits the right to have the trial

_____

[1] Statutory references are to the Penal Code.

court consider whether an inmate should be resentenced to those individuals who satisfy the statutory eligibility requirements set forth in section 1170.126, subdivision (e): "The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).)

Because inmates do not have a right to have the trial court consider whether they should be resentenced unless they meet the statutory eligibility requirements, the trial court's threshold eligibility determination, based on express objective criteria, is not a postjudgment order affecting the substantial rights of the party and is not appealable under section 1237, subdivision (b). (See, e.g., *People v. Loper* (2013) 216 Cal.App.4th 969, 97_ [2013 Cal. App. Lexis 418] [order denying recall of sentence under the compassionate release provisions in § 1170, subd. (e), is not appealable];[2] *People v. Druschel* (1982) 132 Cal.App.3d 667, 668 [because defendant has no right to move for recall of sentence pursuant to § 1170, subd. (d), denial of such a motion does not affect the defendant's substantial rights and is not appealable]; cf. *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980-981 [order denying a petition for writ of *coram nobis* is not appealable absent showing petition stated a prima facie case for relief]; see also *People v. Totari*, *supra,* 28 Cal.4th at p. 885, fn. 4; but see *People v. Hurtado* (2013) 216 Cal.App.4th 941.)

Although Teal's notice of appeal is improper, under the circumstances we may treat it as a petition for writ of mandate or habeas corpus. (See *People v. Segura* (2008)

---

[2]    The court in *Loper*, quoting *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980, explained, "If interpreted broadly, the phrase 'affecting the substantial rights of the party' in section 1237, subdivision (b) 'would apply to any postjudgment attack upon the conviction or sentence' because '[t]he court's denial of relief in any such situation could affect the defendant's substantial rights. However, decisional authority has limited the scope of the phrase, defining appealability more narrowly.'" (*People v. Loper, supra*, 216 Cal.App.4th at p. ___.)

44 Cal.4th 921, 928 [treating purported appeal from nonappeable order as petition for writ of habeas corpus in the interest of judicial economy]; *Drum v. Superior* Court (2006) 139 Cal.App.4th 845, 853 [uncertainty in the law respecting appealability of the order in question is proper ground for treating a purported appeal as a petition for a writ of mandate]; *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 [same; "appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate"].) [3]

We have read and considered Teal's petition for recall of sentence and other materials from the trial court, including its memorandum of decision denying the petition, submitted as part of the purported record on appeal. One of Teal's prior strike convictions was for violating section 262, subdivision (a), rape of a spouse, a "sexually violent offense,"[4] which makes him ineligible for resentencing under section 1170.126, subdivision (e)(3). Accordingly, the petition is denied.


PERLUSS, P. J.

We concur:



ZELON, J.                    SEGAL, J.[*]

---

[3]    By seeking writ review of the summary denial of a petition for recall of sentence pursuant to section 1170.126, subdivision (f), inmates should be protected from incorrect eligibility determinations and are likely to receive decisions in these cases in a more timely and cost-effective manner.

[4]    When Teal was convicted of violating section 262, subdivision (a), in 1984, the statute did not include the language now found in subdivision (a)(2) & (3), which arguably falls outside the definition of a "sexually violent offense." (See Stats. 1982, ch. 1113, § 1, pp. 4031-4032.)

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4