Filed 9/16/13

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----


| | |
|---|---|
| THE PEOPLE, | C073586 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F3095) |
| v. | |
| STEVEN ALAN LEGGETT, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Shasta County, Daniel E. Flynn, Judge.  Affirmed.

Deanna Lamb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


In 1996 Steven Alan Leggett pleaded no contest to attempted second degree robbery (Pen. Code, §§ 211, 664)[1] and admitted a weapon enhancement (§ 12022, subd. (b)).  Based

---

[1] Further undesignated section references are to the Penal Code.

1

on his further admission of two prior strikes, the trial court sentenced him to 25 years to life pursuant to the three strikes law.  (§§ 667, subds. (b)-(i), 1170.12.)

On March 25, 2013, Leggett (petitioner) filed a petition to recall the sentence and for resentencing pursuant to section 1170.126, which was enacted as part of Proposition 36, the Three Strikes Reform Act of 2012.  The trial court summarily denied the petition, finding petitioner was disqualified from seeking relief under the statute because his current sentence was based upon a conviction of a serious felony.  (See §§ 1170.126, subds. (b), (e), 1192.7, subd. (c).)  This appeal followed.

We appointed counsel to represent petitioner on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Petitioner was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from petitioner.

While petitioner purports to appeal from the trial court's denial of his petition to recall the sentence, it is not at all clear that the order denying the petition is an appealable order. As we shall explain, resolution of that issue turns on the language of section 1170.126 authorizing the recall petition.  We shall conclude that petitioner's attempted second degree robbery conviction excludes him from the class of persons authorized by the statute to seek recall of his sentence.  Therefore, the trial court's decision is not appealable and we shall dismiss the current appeal.[2]

---

[2]  The Supreme Court has granted review in cases that concern the appealability of the trial court's order on a postjudgment petition pursuant to section 1170.126.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [review granted with hold pending consideration of *Teal*].)

## BACKGROUND

Under Proposition 36, with certain exceptions, a defendant who has two or more prior serious and/or violent felonies (strikes) is not subject to an indeterminate sentence if the current conviction does not include a serious or violent felony. (See §§ 667, subd. (e), 1170.12, subd. (c).) For those individuals serving previously imposed sentences, section 1170.126 sets forth a statutory procedure to seek resentencing. Subdivision (b) of the statute establishes that a person serving an indeterminate term of life imprisonment under the three strikes law for a conviction based on "a felony or felonies that are not defined as serious and/or violent felonies . . . may file a petition for a recall of the sentence . . . ."[3] Subdivision (d) of the statute requires a petition for recall of a sentence to specify both (1) the currently charged felonies that resulted in the current sentence, and (2) the prior convictions "alleged and proved" under the three strikes law.[4]

As a threshold matter, after a petition is filed the trial court must determine whether the petitioner is eligible to be considered for resentencing. Only then may the court exercise

---

[3] Section 1170.126, subdivision (b) provides in full: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section."

[4] Section 1170.126, subdivision (d) provides: "The petition for a recall of sentence described in subdivision (b) shall specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, and shall also specify all of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12."

3

its discretion to resentence. (See § 1170.126, subds. (e)-(g).) A petitioner is eligible if (1) the petitioner's current conviction is not based on any serious and/or violent felony, (2) the current sentence was not imposed for any disqualifying offenses under Proposition 36, and (3) the inmate "has no prior convictions" for disqualifying offenses. (§ 1170.126, subd. (e).)[5] For example, the petitioner may be disqualified from resentencing by a current conviction for certain drug and sex offenses, as well as crimes in which "the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) A petitioner may likewise be disqualified from resentencing if he or she has a prior conviction for certain enumerated offenses. (See §§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)

## DISCUSSION

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citations.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) The only statute that might have application in the present case is section 1170.126, which makes appealable "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) Unless an order denying resentencing

---

[5] Section 1170.126, subdivision (e) provides: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

4

under section 1170.126 is an order after judgment affecting petitioner's substantial rights, as described in section 1237, there is no right of appeal and any review of the court's order must necessarily be by writ.

Here, petitioner sought resentencing even though he was convicted of attempted second degree robbery. Section 1192.7, subdivision (c)(19) defines a "robbery or bank robbery" as a serious felony, and subdivision (c)(39) of section 1192.7 includes as a serious felony "any attempt to commit a crime listed in this subdivision other than an assault."

Section 1170.126 establishes a mechanism for postconviction relief and thereby creates a "substantial right." That right is not something that could have been asserted on direct appeal as it did not come into existence until later. It is, by virtue of the statute, a newly recognized and substantial right. But that right is also limited to individuals serving indeterminate sentences under the three strikes law whose current conviction is not based on a serious or violent felony. Whether a petitioner who does not fit that description can claim to have a substantial right cognizable on appeal is open to question. Cases addressing the appealability of orders under two different statutes are instructive.

In *People v. Totari* (2002) 28 Cal.4th 876 (*Totari*), the state Supreme Court recognized the right to appeal following a decision denying a statutory motion to vacate a judgment pursuant to section 1016.5. The statute permits a motion to vacate the judgment based on lack of advisement of the immigration consequences of a plea. (§ 1016.5, subd. (b).) The Supreme Court had previously recognized that a noncitizen had a substantial right to complete immigration advisements pursuant to section 1016.5, and remarked that it was the Legislature which had determined the substantial rights in the matter and afforded a means to obtain relief by the statutory postjudgment motion. (*Totari*, *supra*, 28 Cal.4th at pp. 883, 886.)

The Supreme Court distinguished the case from prior authority involving a nonstatutory motion to vacate. There is ordinarily no right to appeal from a nonstatutory motion to vacate a judgment on a ground that could have been reviewed on direct appeal

5

from the judgment. (*Totari*, *supra*, 28 Cal.4th at p. 886; *People v. Thomas* (1959) 52 Cal.2d 521, 527.) This so-called "no second appeal" rule "serves as a procedural device to discourage defendants from raising *any* postjudgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment." (*Totari*, *supra*, at p. 886; see also *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980-981 (*Gallardo*).) But the statutory motion at issue was different because the Legislature had "established specific requirements for a motion to vacate under section 1016.5." (*Totari*, *supra*, at p. 886*.*) Under the circumstances, "the 'no second appeal' rule loses its urgency and a denial order qualifies as an 'order made after judgment, affecting the substantial rights of the party' (§ 1237, subd. (b))." (*Totari*, *supra*, at pp. 886-887.)

By way of contrast, and serving as a counterpoint to *Totari*, is case law recognizing the *nonappealability* of a trial court order denying a defendant's motion to recall a sentence pursuant to section 1170, subdivision (d)(1). Section 1170, subdivision (d)(1) accords the trial court authority to resentence a defendant within a certain amount of time following the initial sentencing. But a defendant does not normally have the right to move or petition the court for recall of sentencing.[6] Relying on that fact, an order denying a defendant's motion for recall of sentence has been held to be nonappealable. An appellate decision explained the reasoning as follows: "By its own terms, defendant has no standing to make a motion for recall of sentence pursuant to Penal Code section 1170, subdivision (d), and the denial of such a motion is not one which affects the substantial rights of the defendant within the

---

[6] Section 1170 has been amended to add subdivision (d)(2), a separate provision that permits defendants serving sentences of life without the possibility of parole for crimes committed when they were under 18 to "submit to the sentencing court a petition for recall and resentencing." As explained above, our discussion is based on prior law concerning the separate statutory provision for general recall of a sentence, which is currently contained in section 1170, subdivision (d)(1).

6

meaning of Penal Code section 1237, subdivision 2." (*People v. Druschel* (1982) 132 Cal.App.3d 667, 668-669, citing *People v. Niren* (1978) 76 Cal.App.3d 850, 851.)

The aforementioned authority demonstrates that a statute may (but does not necessarily) create a substantial right. The statute at issue here, section 1170.126, is analogous to section 1016.5 in the sense that it does establish the right (at least by certain individuals) to file a petition or motion in the trial court. In that sense, it is distinguishable from section 1170, subdivision (d)(1), which accords no such right to anyone. But as we have previously explained, section 1170.126 expressly limits the right to petition the court. Only those persons who are serving indeterminate terms predicated on convictions for felonies that are neither serious nor violent "may file a petition for a recall of sentence." (§ 1170.126, subd. (b).) Since the statute creates the substantial right essential for appealability, it would be anomalous to include within the class of persons that may appeal a person who should *not* have filed a petition for recall of a sentence under the plain language of section 1170.126 in the first instance. That situation is more analogous to the situation involving section 1170, subdivision (d)(1), which does not permit a defendant to move to recall his or her sentence.

The determination of whether petitioner was within the class of persons who may seek relief under the statute, thereby authorizing an appeal from an order denying the petition, is straightforward and beyond dispute. It is simply necessary to determine whether a commitment offense for petitioner's three strikes sentence includes a conviction for a serious or violent felony as defined by statute. Assuming that is not the case, the appeal should be dismissed.

In contrast to the threshold determination of whether a petitioner was qualified to file the petition in the first instance, the statute otherwise puts the onus on the trial court to make additional determinations concerning whether the petitioner's current and past convictions make him or her eligible for resentencing. Some of these determinations may be reasonably straightforward, but not all are so. For example, the trial court must determine whether "the

7

defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) The trial court must likewise review *all* of the petitioner's prior convictions to determine whether he or she has an offense that may preclude the court from exercising its discretion to resentence the petitioner. (§ 1170.126, subd. (e)(3).) Based on the statutory structure, these additional types of eligibility determinations by the court do implicate a petitioner's substantial rights and justify an appeal with its attendant costs. Further, assuming the petitioner is eligible for resentencing but the trial court exercises its discretion to deny the petition, that determination would likewise implicate the petitioner's substantial rights.

Our conclusions are otherwise consistent with prior case authority that precludes or otherwise limits the availability of appeals from postconviction determinations. For example, prior case law establishes that if the trial court lacks jurisdiction to hear a motion, its order denying the motion does not affect the defendant's substantial rights and is therefore not appealable. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 [trial court lacked jurisdiction to modify restitution fine, so order denying defendant's motion requesting the same was not appealable]; accord, *People v. Mendez* (2012) 209 Cal.App.4th 32, 34.) Section 1170.126 confers on the trial court limited jurisdiction to consider petitions by inmates with indeterminate sentences under the three strikes law, provided the current conviction is not for a serious or violent felony.

We also note the rule pertaining to appeals from the denial of a petition for writ of error *coram nobis* presents a special situation in which case law indicates there is no appeal absent a prima facie case for relief. (*Totari*, *supra*, 28 Cal.4th at p. 885, fn. 4; *Gallardo*, *supra*, 77 Cal.App.4th at p. 982.) This rule appears grounded in concerns about the extraordinary nature of the writ, the limited valid grounds for relief presented independent of the direct appeal, and concerns about frivolous appeals. (See *People v. Shorts* (1948) 32 Cal.2d 502, 505-506; *Gallardo*, *supra*, 77 Cal.App.4th at pp. 982-983; *People v. Sumner*

8

(1968) 262 Cal.App.2d 409, 412-413.) Long ago, the state Supreme Court explained it thusly: "[W]anting such prima facie showing the appeal must be deemed to have as its only objective a delay in execution of the sentence under a valid final judgment, hence to be frivolous and irregular and subject to dismissal forthwith." (*Shorts*, *supra*, at pp. 505-506.)

The rationale for restricting the appealability of an order denying a petition for writ of error *coram nobis* applies with equal force to the current matter. If an individual who is not qualified under the statute erroneously files such a petition that is then summarily denied, as in the current case, any appeal would necessarily be frivolous.

We issue this opinion to provide guidance in this area. In summary, we conclude an order denying relief under section 1170.126 is not appealable if it denies a petition that was erroneously filed by an individual whose indeterminate three strikes sentence is based on a conviction for any serious or violent felony. In all other instances, an order denying a petition for recall of sentence is appealable, whether based on a determination of ineligibility or an exercise of the trial court's discretion to deny resentencing.

## DISPOSITION

The appeal is dismissed as having been taken from a nonappealable order.

        RAYE        , P. J.

We concur:

      ROBIE      , J.

      MURRAY     , J.