Filed 1/15/14  P. .v Brown CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071864 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08161) |
| v. | |
| PRESTON TYRONE BROWN, | |
| Defendant and Appellant. | |

Defendant Preston Tyrone Brown pleaded no contest to one count of lewd exposure (Pen. Code, § 314, subd. 1) and admitted a prior strike (Pen. Code, § 667).  He committed the offense while incarcerated.  In exchange for his plea, three other counts of lewd exposure were dismissed and defendant agreed to a sentence of 16 months (one-third the middle term, doubled for the strike) to run consecutive to the term he was serving when he committed the new offense.  The trial court sentenced defendant on February 15, 2012, consistent with the negotiated plea.  The time to appeal expired on April 16, 2012.  (Cal. Rules of Court, rule 8.308.)

1

On June 4, 2012, defendant filed a motion to recall the sentence. He claimed that there was an error in sentencing on a prior case (in San Luis Obispo County) amounting to an illegal sentence that the trial court in this case (in Sacramento County) was required to correct because the term in this case was added to the term imposed in that case under Penal Code section 1170. At the hearing on the motion to recall the sentence, the trial court said that, at the time of sentencing in the current case, an issue concerning sentencing had been "put over" because the court and parties did not have all the information from the prior convictions. The trial court denied the motion to recall the sentence, but it stated that the date of the hearing on the motion (June 13, 2012) would be deemed the date of sentencing.

On appeal, defendant contends that the trial court erred by not modifying the sentence on the San Luis Obispo County conviction. We conclude that the appeal must be dismissed because defendant did not file a timely notice of appeal.

BACKGROUND

The background for understanding this case involves four separate cases.

Case 1: In 2006, defendant was convicted of carjacking (Pen. Code, § 215) in Los Angeles County and sentenced to the lower term of three years in state prison. He was paroled in January 2009 but was incarcerated in February 2009 for a parole violation (spitting in someone's face and lewd exposure). His parole was revoked in April 2009.

Case 2: While in custody in Kern County on the pending parole violation for case 1 in March 2009, defendant committed another lewd exposure. He pleaded guilty to that crime and was sentenced in Kern County to the lower term of 16 months in state prison, doubled to 32 months because of the prior strike. The term was imposed fully consecutive to the term in case 1.

Case 3: In 2010, defendant pleaded guilty to aggravated battery (gassing), which he committed while in prison in San Luis Obispo County. (Pen. Code, § 4501.1.) The San Luis Obispo court sentenced defendant to the lower term of two years in state prison,

2

fully consecutive to the prior terms. The term was not doubled, and there is no indication in the abstract of judgment concerning whether the prior strike resulting from case 1 was alleged.

Case 4 (this case): As part of a negotiated agreement, defendant pleaded no contest to one count of lewd exposure committed in prison. He also admitted the prior strike resulting from case 1. In exchange, three other counts of lewd exposure were dismissed and defendant was sentenced to 16 months (one-third the middle term, doubled for the strike) to run consecutive to the term he was serving when he committed the new offense.

Defendant moved to recall the sentence. He filed his notice of appeal after the trial court denied his motion.

### DISCUSSION

On appeal, defendant contends that we must modify the sentence imposed by the San Luis Obispo court (case 3) because the sentence should have been one-third the middle term instead of a fully consecutive lower term. To the contrary, we do not have jurisdiction to consider this contention on appeal because the notice of appeal was untimely.[1]

---

[1] Even if we were to consider defendant's contention on appeal, the resolution is problematic. He wants us to modify the San Luis Obispo judgment because it is, according to his argument, an illegal sentence. However, there is some indication that the plea and sentence in case 3 were the subject of a negotiated agreement, mainly because the prior strike resulting from case 1 does not appear on the abstract of judgment. The trial court in this case expressed its belief that the San Luis Obispo County sentence was the result of a negotiated agreement. Even assuming the sentence imposed by the San Luis Obispo court was an illegal sentence, an issue the Attorney General does not concede and we do not reach, the remedy for an illegal sentence imposed as part of a negotiated agreement is vacating the plea, reinstating all counts, and restarting the process, whether it be to reach a new and legal agreement or to try the defendant. (See *People v. Collins* (1978) 21 Cal.3d 208.) In any event, the issue is not properly before us.

3

Penal Code section 1237 permits a criminal defendant to appeal (1) "[f]rom a final judgment of conviction" or (2) "[f]rom any order made after judgment, affecting the substantial rights of the party." Judgment is rendered when the trial court orally pronounces sentence and remands the defendant to serve the term. (*People v. Karaman* (1992) 4 Cal. 4th 335, 344, fn. 9.) From that date, a trial court loses jurisdiction, and a defendant has 60 days to file a notice of appeal. (Cal. Rules of Court, rule 8.308.)

A limited exception to the sentencing court's loss of jurisdiction is the court's power, on its own motion, to recall a sentence and resentence within 120 days of the initial sentencing. (Pen. Code, § 1170, subd. (d).) A defendant has no statutory right to make a motion to recall a sentence under Penal Code section 1170, subdivision (d). Therefore, the denial of such a motion does not affect the defendant's substantial rights and is not an appealable order. (*People v. Druschel* (1982) 132 Cal.App.3d 667, 668-669.)

A trial court may not simply recall a sentence on its own motion and resentence a defendant to the same term in order to resurrect the defendant's opportunity to appeal. (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194-195.)

On February 15, 2012, when the trial court accepted the plea bargain, defendant stated that he wanted to be sentenced that day. The trial court then proceeded, imposing the sentence detailed above. The court added: "Pursuant to the plea agreement, that's consecutive and would run consecutive to any term he's currently serving in the Department of Corrections." The court ordered defendant remanded to the Department of Corrections and concluded: "That's the order." Nothing in the record preceding defendant's motion to recall the sentence stated or even implied that judgment and sentencing was not complete on February 15, 2012. On February 16, 2012, the clerk of the court filed the abstract of judgment stating that execution of sentence was imposed at the sentencing hearing. Also, in the calendaring request for the motion to recall the sentence, defense counsel stated that defendant "was sentenced to prison Feb. 15, 2012."

4

The motion to recall the sentence was filed well after the time to appeal the judgment expired. However, in the motion defendant stated: "As defendant had suffered a previous in-custody offense, the court sentenced defendant in the present case to a term of 16 months (one-third the midterm, doubled) consecutive to any terms he was presently serving. The People and defendant were unclear on the status of any prior in prison offenses defendant may have served; the court and parties agreed that the parties would secure additional information. The issue of aggregate sentencing (whether the aggregate sentence in the present case was correctly calculated) was reserved in the event later information demonstrated that the present aggregate sentence was not properly calculated."

During the hearing on the motion to recall the sentence, defense counsel said: "The period of appeal ha[s] lapsed, and so we're back here," referring to the motion to recall the sentence. In connection with that statement, counsel urged the trial court to resentence under the Penal Code section 1170, subdivision (d), "so that we have an opportunity to appeal if we disagree with the court's interpretation." The court, however, did not resentence under Penal Code section 1170, subdivision (d). Instead, it denied the motion and then "deem[ed] today [meaning June 13, 2012] the date of sentencing." As justification for this procedure, the court said that it was "[b]ecause when we originally sentenced him, I do recall that we discussed that there may be problems, and we wanted to put it over until we got the paperwork."

Defendant asserts that his appeal is timely because it is from the recall of his sentence. He claims that reimposing the original sentence creates an appealable order. In support, he cites *People v. Johnson* (2004) 32 Cal.4th 260, 268.) The assertion is without merit.

First, the trial court expressly denied the motion to recall the sentence, even as it purported to change the date of sentencing. Therefore, defendant's assertion is factually inaccurate. (See *People v. Druschel, supra,* 132 Cal.App.3d at pp. 668-669 [no appeal

5

from denial of defendant's motion to recall].)  And, second, the trial court could not simply grant the motion and resentence defendant to resurrect his opportunity to appeal. (*People v. Pritchett, supra,* 20 Cal.App.4th at pp. 194-195.)

Also, defendant's reliance on *People v. Johnson* is misplaced.  He states:  "A superior court may recall a sentence to consider relevant sentencing factors.  (Pen. Code[,] § 1170, subd. (d).)  Even where, as here, the court merely reimposes the original sentence, appeal will lie.  (*People v. Johnson* (2004) 32 Cal.4th 260, 268.)"  That case, however, did not consider, at all, the matter of appealability.  Instead, it merely held that a defendant temporarily returned to jail while awaiting resentencing is not entitled to presentence conduct credits for that additional time in jail.  (*Id*. at pp. 265-268.)  A case is not authority for a proposition not considered.  (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2.)

Because defendant did not file a timely notice of appeal from the judgment and cannot appeal from the denial of the motion to recall the sentence, we must dismiss the appeal.  (*People v. Druschel, supra,* 132 Cal.App.3d at pp. 668-669.)

DISPOSITION

The appeal is dismissed.

                              NICHOLSON          , J.

We concur:


      BLEASE          , Acting P. J.


      MAURO          , J.

6