Filed 4/23/14  P. v. Swain CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THEODORE SWAIN,<br><br>    Defendant and Appellant. | D063960<br><br><br><br>(Super. Ct. No. SCD199072) |

APPEALS from orders of the Superior Court of San Diego County, Charles Raymond Gill, Judge.  Appeals dismissed.

Theodore Swain, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Lynne G. McGinnis and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

In 2008, Theodore Swain was convicted of several counts of securities fraud and other financial crimes and was sentenced to a 24-year prison term. The trial court ordered Swain to pay $6,775,213.82 in restitution to his victims, as recommended in the probation report, and appointed Thomas Seaman as receiver to take possession and control of Swain's assets for the purpose of effectuating the restitution order.[1]

In 2013, the receiver filed a motion to approve the sale of certain real property that the receiver had acquired from Swain. The receiver intended to use the proceeds of the sale toward Swain's restitution obligation.[2] The trial court approved the sale. After the trial court approved the sale, the court received a letter from Swain challenging the propriety of the sale and requesting that the court set a new restitution hearing. The trial court denied Swain's challenge as moot in light of fact that the property had been sold, and also denied his request for a new restitution hearing.

Swain filed several notices of appeal. On appeal, Swain contends that the court erred in approving the sale, on a number of grounds. We conclude that Swain's contentions are moot since the property has been sold and the sale is final. Swain also appears to raise several challenges to the May 2008 victim restitution order and the June

[1]     This introduction is drawn in part from this court's prior opinions in this case. (*People v. Swain* (Mar. 15, 2013, D060747) [nonpub. opn.]; *People v. Swain* (Oct. 27, 2009, D053185) [nonpub. opn.].)

[2]     The receiver estimated the net proceeds of the sale of the property to be $9,485.84.

2

2008 order appointing a receiver. We conclude that Swain's contentions in this regard are untimely, and are not cognizable on appeal. Finally, Swain appears to contend that the trial court erred in denying his request for a new restitution hearing. We conclude that the trial court's denial of Swain's request for a new restitution hearing is not appealable. Because we conclude that Swain does not raise any cognizable issues in his appeals, we dismiss the appeals.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2013, Seaman filed a notice of motion and motion to approve and confirm the sale of a parcel of real property located in Lake Elsinore. In his notice of motion, Seaman stated that the hearing on his motion would be held on April 5, 2013, and that any party who wanted to object to the motion should do so by filing an opposition five days prior to the hearing.

In the motion, Seaman explained that the trial court had appointed him as a receiver to take possession of property held by Swain, for the purpose of paying restitution to Swain's victims. Seaman stated that he had taken possession of the Lake Elsinore parcel for this purpose. Seaman requested permission to sell the parcel for $14,990 in order to make one "final small distribution" to the victims.[3] Seaman contended that he had complied with all of the requirements for effectuating the sale

---

[3] Seaman stated that he had made previous distributions to the victims totaling approximately 29.2 percent of the approximately $6.7 million in victim losses.

3

outlined in Code of Civil Procedure[4] section 568.5 and section 701.510 et seq., including providing notice of the proposed sale to Swain. Seaman lodged an accompanying proof of service attesting to service of the motion on Swain.

On April 5, the trial court held a hearing that Seaman attended.[5] That same day, the trial court entered an order approving and confirming the sale of the property. The trial court stated that the property was among the assets listed on a June 2, 2008 order appointing the receiver. The court directed that the balance of the proceeds of the sale were to be held by the receiver and distributed to the victims in accordance with the "Victim Restitution Order" and the "Order Appointing Receiver."

On April 22, the trial court received a letter from Swain in which he requested that the trial court vacate the April 5 order. Swain stated that he had not received notice of the April 5 hearing, that "[n]o restitution hearing of any kind has ever been held," and that "all prior judgments and orders approving sales or distributions [should] be vacated, and [a] restitution hearing be ordered." Swain stated that he opposed the sale because the receiver had failed to "exploit [the] indicated property for its potential." Swain also requested that the trial judge disqualify himself due to his "bias" and "unconstitutional" and "fraudulent" practices.

---

[4]    Further unspecified statutory references are to the Code of Civil Procedure.

[5]    At the hearing, the court stated, "I will note, notwithstanding the notice that was provided by Mr. Seaman to everybody, including the defendant, Mr. Swain as well as . . . the Attorney General's Office, nobody is present except for Mr. Seaman. And I don't believe they need to be."

4

On May 1, a deputy attorney general filed a declaration stating that the property had been sold in accordance with the court's April 5 order. The deputy attorney general requested that the court remove a lis pendens that had been issued with respect to the property. That same day, the trial court "incorporated" the deputy attorney general's declaration and issued an order removing the lis pendens.

On May 14, the trial court denied Swain's requests "in their totality." The court found that Swain had been provided with notice of the April 5 hearing. The court "denied as moot" Swain's opposition to the sale, in light of the April 5 order. The court further ruled that Swain's request that the judge disqualify himself was both procedurally and substantively without merit. Finally, the court noted that "restitution was set May 30, 2008, the day Mr. Swain was sentenced," and ruled that "there is no current basis for a further hearing."

Swain thereafter filed numerous notices of appeal.[6] All of the notices of appeal have been assigned a single appellate docket number, and Swain has filed one opening brief on appeal.

---

[6] Specifically, on May 16, Swain filed two notices of appeal from the court's April 5 order. On May 24, Swain filed an additional notice of appeal from the court's April 5 order. On May 28, Swain filed an appeal from the from the court's May 14 order. On June 5 and June 12, Swain filed appeals from the court's May 14 order and orders entered on May 30, 2008 and June 2, 2008.

## III.

## DISCUSSION[7]

A.   *Swain's claims that the trial court erred in approving the sale of the real property are moot in light of the sale of the property*

Although the nature of Swain's claims is not entirely clear from his brief, he appears to raise a number of challenges to the April 5 order approving and confirming the sale of the property, and the May 14 order refusing to vacate the April 5 order approving and confirming the sale.[8]  Swain's principal contentions appear to be that he had the right to be physically present at the April 5 hearing and that he was entitled to challenge the trial court's approval of the sale.[9]

---

[7]   In his notices of appeal, Swain requested that this court appoint counsel to represent him on appeal.  We denied Swain's request, ruling that "[a]ppellant has no right to court appointed counsel given the nature of the proceedings from which the current appeals have been taken."  (Citing Pen. Code §§ 1202.4, subd. (i), 1214; *People v. $30,000 United States Currency* (1995) 35 Cal.App.4th 936, 943 [concluding indigent party defendant was not entitled to appointed counsel in civil forfeiture proceeding].)

In his brief on appeal, Swain asserts that *People v. $30,000 in United States Currency* was wrongly decided because appointed counsel is a constitutional right in "a criminal matter affecting liberty."  A proceeding to enforce a restitution order is not "a criminal matter affecting liberty." (See Pen. Code §§ 1202.4, subd. (i), 1214 [both stating that a victim restitution order is enforceable as "a civil judgment"].)  Accordingly, because Swain's interest in defending against the enforcement of the restitution order "is merely financial" (*People v. $30,000 United States Currency*, *supra*, 35 Cal.App.4th at p. 944), we apply "the general rule that a party in a civil proceeding is not entitled to appointed counsel."  (*Id*. at p. 943.)

[8]   In his reply brief, Swain attempts to raise several claims for the first time on appeal, including that the trial judge lacked jurisdiction over the Lake Elsinore parcel because the parcel was owned by a separate corporate entity, rather than by Swain personally.  We decline to consider these claims because Swain has not demonstrated good cause for raising them for the first time in reply.  (See *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10

The receiver sought permission to sell the property pursuant to section 568.5. That section provides:

> "A receiver may, pursuant to an order of the court, sell real or personal property in the receiver's possession upon the notice and in the manner prescribed by Article 6 (commencing with Section 701.510) of Chapter 3 of Division 2 of Title 9. The sale is not final until confirmed by the court."

Section 701.680, in turn, provides that "a sale of property pursuant to this article is absolute and may not be set aside for any reason."[10]

It is undisputed that the Lake Elsinore property has been sold. That sale is final and may not be set aside. (§ 701.680.) Thus, even if Swain were correct that the sale was improper for some reason, Swain identifies no meaningful relief that this court could grant in the wake of the sale of the property. " ' "When no effective relief can be granted, an appeal is moot and will be dismissed." ' [Citation.]" (*Costa Serena Owners Coalition v. Costa Serena Architectural Com.* (2009) 175 Cal.App.4th 1175, 1206.)

---

[" ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before . . . " ' [citation]"].)

9   Swain contends that in all matters "affecting asset valuation applied against restitution" the trial court erred in "fail[ing]/refus[ing] to allow Appellant hearings and [the] ability to confront any person determining any such value . . . ." Swain also contends, "[the] State should have exploited the then current asset values by allowing a receiver, trustee, other, party, or Appellant to take advantage and monetize the current assets rather than destroy the assets."

10   There is a narrow exception to this rule of finality that may apply where a judgment creditor purchases the property of a judgment debtor pursuant to this provision, and the sale was improper. (See § 701.680, subd. (c)(1).) That exception does not apply in this case.

7

Accordingly, we conclude that Swain's claims that the trial court erred in approving the sale of the Lake Elsinore property are moot in light of the sale of the property. We therefore dismiss his appeals to the extent that they challenge the April 5 order approving and confirming the sale of the property and the May 14 order refusing to vacate the April 5 order approving and confirming the sale.[11]

B.      *Swain's claims pertaining to the trial court's May 30, 2008 and June 2, 2008 orders are not cognizable on appeal*

In two of Swain's notices of appeal, Swain purports to appeal from orders entered on May 30, *2008* and June 2, *2008*. Any appeal from these 2008 orders is clearly untimely, whether the time limits applicable to civil or criminal appeals are applied.[12] (See Cal. Rules of Court, rules 8.104(a)(1)(C), (c)(2) & (e) and 8.308(a).)

Swain appears to raise several arguments in his briefing on appeal related to the May 30, 2008 restitution order and the June 2, 2008 order appointing a receiver. For example, Swain argues that he was entitled to contest the amount of restitution ordered,

---

[11]      Even assuming that Swain's claims were not moot, Swain does not present any coherent legal argument in his briefing on appeal in support of his contention that the trial court erred in approving the sale. In particular, Swain identifies nothing in either section 568.5 or section 701.510 et seq. that would require that he be present at the April 5 hearing. Further, the trial court found that Swain was provided notice of the motion to approve the sale, and there is nothing in the record demonstrating that the trial court erred in so finding. Moreover, the receiver's notice of motion expressly stated that "[a]ny party wishing to object to the Receiver's motion to approve and confirm the sale of real property or other matters presented herein, should do so no later than five Court days prior to the hearing by filing a copy of their objection with the Clerk of Court and personally serving a copy on the Receiver . . . ." Swain did not raise any objection to the sale prior to the April 5 hearing.

[12]      Neither the May 30, 2008 nor the June 2, 2008 order is contained in the record on appeal.

8

refs to documents that he contends demonstrate that he disputed the dollar amount of the victims' losses, and requests that this court "[r]everse all prior judgments and orders regarding restitution." It is well established that "prior final orders are not reviewable in an appeal of a subsequent order" (*In re Vincent M.* (2008) 161 Cal.App.4th 943, 953),[13] and Swain has made no argument on appeal that this principle does not apply here. Accordingly, we conclude that the propriety of the May 30, 2008 and June 2, 2008 orders is not cognizable on appeal.

C.     *Swain's claim that the trial court erred in failing to set a restitution hearing is not cognizable on appeal*

Swain appears to contend that the trial court erred in not setting a new restitution hearing.[14] In a criminal case, an appeal may be taken from "any order made after judgment, *affecting the substantial rights of the party*." (§ 1237, subd. (b), italics added.)

Swain does not identify any law pursuant to which he is even arguably entitled to a new restitution hearing. Accordingly, we conclude that the trial court's denial of Swain's request for a new restitution hearing did not affect his substantial rights. (Cf. *People v. Druschel* (1982) 132 Cal.App.3d 667, 668-669 ["By its own terms, defendant has no standing to make a motion for recall of sentence pursuant to Penal Code section 1170, subdivision (d), and the denial of such a motion is not one which affects the

---

[13]     The May 30, 2008 restitution order was apparently entered at sentencing, which is an appealable final judgment. (Pen. Code, § 1237.) The June 2, 2008 order appointing a receiver was also appealable. (§ 904.1, subd. (a)(7).)

[14]     Specifically, Swain requests that this court "[o]rder [a] restitution hearing based on economic equivalency of pre-arrest parity."

9

substantial rights of the defendant within the meaning of [former] Penal Code section 1237, subdivision 2"].)

IV.

DISPOSITION

The appeals filed on May 16, 2013 and May 24, 2013 from the court's April 5, 2013 order approving and confirming the sale of real property are dismissed as moot. The appeal filed May 28, 2013 from the court's May 14, 2013 order, and the appeals filed June 5, 2013 and June 12, 2013 from the court's May 14, 2013 order and from orders entered on May 30, 2008 and June 2, 2008, are all dismissed as moot insofar as they seek review of the court's April 5, 2013 order. The May 28, 2013, June 5, 2013, and June 12, 2013 appeals are dismissed as untimely to the extent that Swain seeks review of the May 30, 2008 and June 2, 2008 orders, and are dismissed for lack of an appealable order to the extent Swain seeks review of the trial court's refusal to set a new restitution hearing.


_____
AARON, J.

WE CONCUR:


_____
BENKE, Acting P. J.


_____
IRION, J.

10