[No. D017017. Fourth Dist., Div. One. Nov. 20, 1992.]

BENIGNO A. PORTILLO, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Gregory R. Ellis, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Sara Gros-Cloren and Karl T. Terp, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**HUFFMAN, J.**—Benigno A. Portillo pleaded guilty to possessing methamphetamine (meth) for sale (Health & Saf. Code, § 11378) and admitted a presumptive prison allegation (Pen. Code,[1] § 1203.073, subd. (b)(2)) [possessing over 28.5 grams of meth]) and a three-year enhancement (Health & Saf. Code, § 11370.4, subd. (b)(1) [the meth exceeded three pounds]).

On April 16, 1991, the trial court denied probation and sentenced Portillo to prison for five years, consisting of the two-year middle term for the substantive drug offense and a consecutive three years for the enhancement.

Portillo filed a notice of appeal in propria persona on June 11, 1991, claiming he was denied the effective assistance of counsel on various

---

[1]All statutory references are to the Penal Code unless otherwise specified.

grounds concerning his plea and requested the appointment of appellate counsel.[2]

On July 11, 1991, Portillo, again in propria persona, filed motions for sentence modification under sections 1170, subdivision (d), 1181, and 1260, and for copies of the reporter's transcripts, clerk's transcript, and judgment roll in his case. He also filed a petition for habeas corpus relief challenging his plea bargain.

On July 18, 1991, the trial court denied Portillo's motions and petition for habeas corpus relief, stating:

"A review of the file shows that Defendant filed a timely Notice of Appeal and moved for the Appointment of Counsel on Appeal . . . . When a Notice of Appeal is filed, the trial court loses jurisdiction to do anything with the case that would affect the judgment until determination of the appeal. *People v. Perez* (1979) 23 C[al].3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63]. [¶] Therefore, this Court is without jurisdiction to modify the sentence, or to address issues which are properly before the Appellate Court. Moreover, a transcript for purposes of appeal is forthcoming to the Defendant as Appellant."

Appointed appellate counsel received the record in this matter on September 28, 1991. On April 10, 1992, the opening brief in Portillo's appeal was filed.

On May 26, 1992, Portillo filed a petition for writ of mandate, habeas corpus, and/or other extraordinary relief challenging the trial court's denial of his earlier in propria persona motion to recall his sentence under section 1170, subdivision (d). On June 9, 1992, we denied the petition as untimely. (*Portillo* v. *Superior Court* (1992) D016802 [nonpub. opn.].)

On June 29, 1992, Portillo filed this current petition for writ of mandate, habeas corpus, and/or other extraordinary relief, stating reasons why the petition should be considered on its merits even though it is untimely. On July 1, 1992, we requested a response. In it, the People, the real party in interest, argue this court should deny the petition on its merits because Portillo has failed to state a claim for mandamus or habeas corpus relief.

As we explain below, we address an important narrow issue raised by Portillo's arguments on the merits and deny the petition.

---

[2]As requested by Portillo, we take judicial notice of the files and documents in his appeal, *People* v. *Portillo* (Nov. 20, 1992) D014640 (nonpub. opn.), pursuant to Evidence Code section 453.

## DISCUSSION

Portillo's motion to recall his sentence under section 1170, subdivision (d)[3] was made in the trial court within the 120 days statutorily allowed the trial court to recall a sentence under that section. The motion, however, was made after he had filed a notice of appeal from his judgment of conviction and sentence. Relying on *People* v. *Perez* (1979) 23 Cal.3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63], the trial court denied Portillo's motion on grounds it had no jurisdiction to "do anything with the case that would affect the judgment until determination of the appeal."

■ Portillo contends the trial court erred when stating the grounds for denying his motion for sentence modification. He therefore asks this court to issue a writ directing the trial court to vacate its order denying his motion on jurisdictional grounds and to reconsider on the merits whether it will exercise its discretion under section 1170, subdivision (d) to recall his sentence to determine if it should be modified.

As pointed out by the People, mandamus relief would only be available to Portillo if he could establish that there is a clear, present and usually ministerial duty upon the part of the trial court and that he has a clear, present and beneficial right to the performance of that duty. (See *Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884, 898 [103 Cal.Rptr. 354].) Moreover, the duty sought to be enforced must not involve the exercise of judgment or discretion. (*Fuss* v. *Superior Court* (1991) 228 Cal.App.3d 556, 560 [279 Cal.Rptr. 46].) Because section 1170, subdivision (d) by its own terms precludes Portillo from having standing to bring a motion under that section to recall his sentence (*People* v. *Chlad* (1992) 6 Cal.App.4th 1719, 1725 [8 Cal.Rptr.2d 610]; *People* v. *Druschel* (1982) 132 Cal.App.3d 667, 668-669 [183 Cal.Rptr. 348]), and a motion to recall brought by a trial court under that section necessarily involves the exercise of discretion, mandate will not issue to compel the relief Portillo requests. (See *Franklin* v. *Municipal Court, supra,* 26 Cal.App.3d at p. 898.)

■ Moreover, habeas corpus relief will not lie for Portillo, where, as here, he has not shown the trial court acted in excess of its jurisdiction by

---

[3]Section 1170, subdivision (d) provides: "When a defendant subject to this section or sudivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

denying his motion. (See *People* v. *Chlad*, *supra*, 6 Cal.App.4th at p. 1726.) Regardless of whether the court's reasons for denying the motion were wrong, the trial court still had jurisdiction to rule on the motion.

Nevertheless, the trial court here was presented with the situation where, even if it had wanted to recall and modify Portillo's sentence on its own motion, it thought, and ruled, it was without jurisdiction to do so since Portillo had already filed his notice of appeal. ▉ Portillo claims no case law has expressly decided this precise issue, whether a notice of appeal divests the trial court of its jurisdiction to recall a sentence under section 1170, subdivision (d), and our research has found none. ▉▉▉ Since the matter is fully briefed and the narrow issue raised may escape review if not addressed here[4] (see *Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 456 [297 Cal.Rptr. 834, 807 P.2d 1063]; *People* v. *Superior Court* (*Clements*) (1988) 200 Cal.App.3d 491, 496-497 [246 Cal.Rptr. 122]), we deem it appropriate to discuss for the guidance of the lower courts.

### Section 1170, Subdivision (d) Jurisdiction

▉ The general rule as to all causes, whether criminal or civil, is the valid filing of appeal vests jurisdiction of a cause in the appellate court until determination of the appeal and issuance of the remittitur. (*People* v. *Sonoqui* (1934) 1 Cal.2d 364 [35 P.2d 123]; *People* v. *Getty* (1975) 50 Cal.App.3d 101, 107 [123 Cal.Rptr. 704].) Ordinarily in that case " 'the trial court loses jurisdiction during that period to do anything in connection with the cause which may affect the judgment.' [Citations.]" (*People* v. *Getty*, *supra*, 50 Cal.App.3d at p. 107.) ▉ However, certain rules exist in a criminal case concerning the jurisdiction of a trial court to recall and modify a defendant's sentence independent of the filing of the notice of an appeal.

Based on a historical review of cases in California addressing the issue of when a trial court may modify or vacate an order or judgment rendered by it and substitute another for that previously rendered, our Supreme Court in *People* v. *McAllister* (1940) 15 Cal.2d 519, 526 [102 P.2d 1072] stated:

"If the sentence has been entered in the minutes of the court, or if the defendant has begun serving said sentence or has been restrained by the

---

[4]Section 1170, subdivision (d) applies in virtually every criminal case under the Determinate Sentencing Act where the defendant has been sentenced to prison. Because a defendant does not have standing to bring his own motion under this section, the trial court's denial of his request under that section is nonappealable. (*People* v. *Gainer* (1982) 133 Cal.App.3d 636, 641 [184 Cal.Rptr. 120].) Being nonappealable, and not proper for mandamus or habeas corpus relief as noted above, the issue will likely not often be raised. However, because the trial court's belief the filing of an appeal divests it of jurisdiction to bring its own motion to recall under section 1170, subdivision (d) may foreclose a defendant's sentence from being considered for recall and possible modification, we deem the issue one of general importance.

sentence imposed, then the court is without jurisdiction to vacate, add to, or in any manner modify the sentence originally pronounced."[5]

In addition, section 1243 provides an appeal to this court of the judgment of conviction does not stay the execution of that judgment unless we so order. As no stay of execution was sought in this case, it would follow that the sentencing jurisdiction of the trial court here necessarily was removed not by the filing of the appeal but by Portillo's commitment to prison.

In *Dix* v. *Superior Court, supra,* 53 Cal.3d at page 455, our Supreme Court again looked at the case law regarding sentence recall, resentencing and jurisdiction, concluding section 1170, subdivision (d), enacted in 1976 as part of the Determinate Sentencing Act, was "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun. [Citations.]" In holding that section 1170, subdivision (d) allows the trial court on its own motion to recall and resentence "for any otherwise lawful reason, not simply to correct a 'disparate' sentence . . ." (53 Cal.3d at p. 460), the court carefully noted the limitation of this resentencing juridiction, stating that the "court loses 'own-motion' jurisdiction if it fails to recall a sentence within 120 days of the original commitment. [Citations.]" (*Id.* at p. 464, italics omitted.)

Our reading of the statute in question comports with that of our Supreme Court in *Dix*. It provides a specific scheme for the trial court to exercise jurisdiction for a limited time after it normally would have lost jurisdiction. To hold the general rule, that a trial court loses jurisdiction to proceed in a matter after the filing of an appeal, supersedes or negates the specific rule for granting limited jurisdiction to the trial court to recall a sentence, enacted by the Legislature in light of existing law concerning a trial court's sentencing jurisdiction, would render meaningless the long-established rules of statutory interpretation against surplusage and favoring a specific statute regarding a subject matter over one that is more general. Moreover, such interpretation "would infringe on the power of the Legislature to establish a determinate sentencing system providing statutorily fixed terms for given crimes to be imposed by courts with limited discretion to vary those terms. (See § 1170, subd. (a)(1); *People* v. *Tanner* (1979) 24 Cal.3d 514, 519, fn. 3 [156 Cal.Rptr. 450, 596 P.2d 328].)" (*People* v. *Roe* (1983) 148 Cal.App.3d 112, 117 [195 Cal.Rptr. 802].)

---

[5]The Supreme Court in *People* v. *Thomas* (1959) 52 Cal.2d 521, at pages 533 to 534 [342 P.2d 889], disapproved of the third clause of *McAllister*'s rule, i.e., "or has been restrained by the sentence imposed," to the extent it may suggest the mere announcement of judgment exhausts a trial court's jurisdiction to correct or change a sentence "based on a mistake of fact or law, which has not become of record in the minutes, and which has not affected the defendant." (*People* v. *Thomas, supra,* at p. 534.)

We thus conclude a trial court is not divested of its limited jursidiction under section 1170, subdivision (d) to recall a sentence for modification within 120 days of the defendant's commitment by the filing of an appeal notice.

The trial court's reliance on *People* v. *Perez, supra,* 23 Cal.3d 545, 554 to find that the filing of the appeal by Portillo divested it of its sentencing jurisdiction under section 1170, subdivision (d) is misplaced. The court in *Perez* merely cited the general rule and noted the issue in that case, whether the trial court had the power under section 669 to amend the judgment after the filing of the notice of appeal, need not be addressed as the case was being reversed and remanded for resentencing on other grounds already addressed in its opinion. (*People* v. *Perez, supra,* at p. 554.)

Although we find the trial court's reasons for denying Portillo's motion were erroneous, Portillo is still not entitled to the relief he seeks. As noted earlier, because Portillo had no standing to bring the recall motion before the trial court in the first instance, there was no clear, present ministerial duty upon the trial court to act or a clear, present and beneficial right in Portillo for performance of that duty to support mandamus relief. (*Franklin* v. *Municipal Court, supra,* 26 Cal.3d at p. 898.) Nor did the court act in excess of its jurisdiction in denying the motion which would support habeas corpus relief. Portillo has shown no other entitlement to extraordinary relief.

DISPOSITION

Portillo's petition for writ relief is denied.

Kremer, P. J., and Work, J., concurred.

A petition for a rehearing was denied December 14, 1992, and petitioner's application for review by the Supreme Court was denied February 11, 1993.