Filed 12/9/15  P. v. Crowley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BUDDY JAMES CROWLEY,<br><br>Defendant and Appellant. | C077457<br><br>(Super. Ct. No. 09F4668) |

Appointed counsel for defendant Buddy James Crowley filed an opening brief that raises no issues and that requests this court to review the record independently to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Since we conclude the order appealed from is not appealable, we must dismiss the appeal.  (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1206, 1208.)

1

On July 16, 2009, defendant pleaded no contest to first degree burglary of an inhabited vessel (Pen. Code, § 459)[1] and second degree burglary of an inhabited vessel (§ 459). In exchange for his no contest pleas, he was promised probation with no more than 180 days' incarceration in the initial sentencing.

On September 1, 2009, the trial court suspended imposition of sentence for three years, granted defendant three years of formal probation, including 120 days in county jail, pursuant to the terms of the negotiated disposition. As part of this sentence, defendant was ordered to pay a restitution fine of $800.

On January 11, 2013, defendant pleaded no contest to unlawful possession of a controlled substance for sale (Health & Saf. Code, § 11351) in violation of his probation in the burglary case, and he admitted a prior serious felony conviction (§ 1170.12). In exchange for his no contest plea, he was promised a maximum sentence of four years with the possibility of probation if the trial court granted defendant's *Romero*[2] motion.

On March 6, 2014, the trial court sentenced defendant to serve an aggregate term of four years in state prison (two years for the first degree burglary, a concurrent 16 months for second degree burglary, and a consecutive one year, doubled, for possession for sale). The court ordered an additional restitution fine (for the possession for sale conviction) of $240.

Thereafter, on June 28, 2014, defendant submitted to prison officials for mailing a motion to modify or strike his cumulative restitution fine of $1,040 based on his inability to pay. The motion was mailed on July 14, 2014, and was filed in the trial court on

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (recognizing that a trial court has discretion to strike a defendant's prior strike conviction in certain circumstances pursuant to section 1385).

2

July 17, 2014. The trial court denied defendant's motion on July 23, 2014, and mailed a copy of the order denying the motion to defendant that same day.

Defendant timely filed a notice of appeal purporting to appeal from the denial of his postjudgment motion to modify the restitution fine.

An order made after judgment affecting a defendant's substantial rights is appealable. (§ 1237, subd. (b).) However, once judgment is rendered, except for limited statutory exceptions (§§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence except pursuant to the provisions of section 1170, subdivision (d).[3] (See *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1835.) Section 1170, subdivision (d), allows a sentencing court on its *own motion* to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.) Indeed, "the court loses 'own-motion' jurisdiction if it fails to *recall* a sentence within 120 days of the original commitment." (*Ibid.*)

Here, defendant was committed to state prison and judgment was rendered when the trial court imposed sentence on March 6, 2014. Thus, the trial court lacked authority to grant defendant's motion, and could only have modified defendant's sentence by availing itself of the jurisdiction afforded it by section 1170, subdivision (d). Since the

---

[3]     Section 1170, subdivision (d)(1), provides: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

jurisdictional 120-day period had lapsed by the time the trial court denied defendant's motion to modify his sentence, the trial court no longer had jurisdiction to recall defendant's sentence to modify or strike the restitution fines. (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.) Because the trial court had no jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights. (*Id.* at p. 1726.) Accordingly, the "order denying [the] motion to modify sentence is not an appealable order" and the appeal must be dismissed. (*Ibid.*)

## DISPOSITION

The appeal is dismissed.

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
HULL, Acting P. J.

_____/s/_____
BUTZ, J.

4