Filed 9/9/16  P. v. Larios CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C081303 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20128636) |
| v. | |
| ABDIEL LARIOS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Abdiel Larios filed an opening brief that raises no issues and that requests this court to review the record independently to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Since we conclude the order appealed from is not appealable, we must dismiss the appeal.  (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)

1

On September 26, 2012, defendant pleaded guilty to corporal injury to a child (Pen. Code, § 273d, subd. (a); unless otherwise set forth, statutory references that follow are to the Penal Code) and admitted to personally inflicting great bodily injury on the child (§ 12022.7, subd. (d)). He was sentenced to a six-year state prison term that same day.

Defendant filed a motion to modify his sentence on January 8, 2016. The trial court summarily denied the motion.

An order made after judgment affecting a defendant's substantial rights is appealable. (§ 1237, subd. (b).) However, once judgment is rendered, except for limited statutory exceptions (§§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence except pursuant to the provisions of section 1170, subdivision (d). (See *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1835.) Section 1170, subdivision (d) allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.) Indeed, "the court loses 'own-motion' jurisdiction if it fails to *recall* a sentence within 120 days of the original commitment. [Citation.]" (*Ibid.*)

Here, defendant was committed to state prison and judgment was rendered when the trial court imposed sentence on September 26, 2012. Thus, the trial court lacked authority to grant defendant's motion, and could only have modified defendant's sentence by availing itself of the jurisdiction afforded it by section 1170, subdivision (d). Since the jurisdictional 120-day period had lapsed when defendant filed his motion, the trial court no longer had jurisdiction to recall the sentence to modify it. (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.) Because the trial court had no jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected

his substantial rights.  (*Id*. at p. 1726.)  Accordingly, the "order denying [the] motion to modify sentence is not an appealable order" and the appeal must be dismissed.  (*Ibid*.)

DISPOSITION

The appeal is dismissed.


          HULL          , J.


We concur:


        BLEASE       , Acting P. J.


        HOCH       , J.