Filed 7/9/21  P. v. Bryant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090651, C091506 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F9303) |
| v. | |
| JASON RINALDO BRYANT, | |
| Defendant and Appellant. | |

Defendant Jason Rinaldo Bryant appeals orders denying his petition for resentencing under Penal Code section 1170.95,[1] and denying a request from the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall defendant's sentence under section 1170, subdivision (d).  Defendant argues the court erred by denying his section 1170.95 petition after conducting a factual analysis at the prima facie stage; the People concede the error.  We conclude defendant did make a

---

[1]     Undesignated statutory references are to the Penal Code.

1

prima facie showing and will reverse for the court to issue an order to show cause under section 1170.95, subdivision (c). The court did not, however, abuse its discretion in not recalling defendant's sentence under section 1170, subdivision (d), and we affirm that ruling.

LEGAL BACKGROUND

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, was enacted to amend the felony-murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) To accomplish this, the bill amended section 188, which defines malice, and section 189, which defines the degrees of murder. (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1148.)

As amended, section 188 now provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) By requiring a showing of malice for murder (other than first degree felony murder), the statute eliminates vicarious murder liability for aiding and abetting, a lesser offense under the natural and probable consequences doctrine. (§ 188.) The amendments did not, however, repeal the law imposing criminal liability for implied malice murder.

New section 189, subdivision (e) limits the circumstances under which a person may be convicted of first degree felony murder. (§ 189, subd. (e).) Before the enactment of Senate Bill 1437 (2017-2018 Reg. Sess.), a defendant who intended to commit a specified felony could be convicted of first degree murder for a killing committed in the perpetration of (or attempt to perpetrate) specified felonies, without further examination of his or her mental state. (*People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th

2

270, 275.) Amended section 189, subdivision (e) now provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e).)

Senate Bill 1437 (2017-2018 Reg. Sess.) also established a procedure for qualified persons to seek retroactive relief based on these changes in the law. (Stats. 2018, ch. 1015, § 4.) Under section 1170.95, subdivision (a), a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition to vacate their conviction and obtain resentencing where specified conditions are met. (§ 1170.95, subd. (a).) The specified conditions are that "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The petitioner has the burden of making a prima facie showing that he or she falls within the provisions of the statute. (§ 1170.95, subd. (c).) If that burden is met, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and resentence the petitioner on the remaining counts. (§ 1170.95, subds. (c), (d).) At any such hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant is ineligible for resentencing.

3

(§ 1170.95, subd. (d)(3).)  The prosecution and the petitioner may "rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).)

                    FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2000, defendant pleaded guilty to first degree felony murder (§ 187, subd. (a)), four counts of attempted first degree robbery (§§ 664/212.5, subd. (a)), one count of cruelty to animals (§ 597, subd. (a)), one count of first degree burglary (§ 459), eight counts of first degree robbery (§ 212, subd. (a)), and admitted being armed with a firearm in commission of the murder (§ 12022, subd. (a)).

The presentence/probation report[2] stated that in November 1999, defendant and Theodore Gray burglarized the home of Joe Fontecchio while no one was home and stole some drugs and guns.  On December 2, 1999, the two, along with Jeffrey Dumont, learned Fontecchio was going to be at a bar that night with his sons, had recently sold some cannabis, and had a large amount of cash at his residence.  They also learned he had gotten a dog for security since the last burglary.  That night, the three snuck onto Fontecchio's property armed with firearms and knives.  As they were preparing to enter the residence, Fontecchio, his two sons, and a roommate returned.

Gray later told sheriff's deputies that defendant "did not want to follow through since the residents were home," but after an hour-long discussion they all agreed to continue.  Defendant also later told deputies he argued with Gray and Dumont for 45 minutes and only relented after Gray convinced him nobody inside would resist.

---

[2]     The records from defendant's change of plea hearing were destroyed because they are older than 10 years.  (Gov. Code, § 69955, subd. (e).)  As such, we do not have in the record what the stipulated factual basis was for defendant's plea.  We summarize the facts from the police reports and interviews detailed in the presentence/probation report because the parties and the trial court have relied on these facts at all relevant stages.

4

Defendant also said they all agreed defendant would not draw his gun because the gun had been seen recently in the possession of one of Fontecchio's sons.

After deciding to continue, defendant smashed the back-door window so that Gray and Dumont could enter the residence first. Fontecchio awoke from the couch and fired several shots from a gun, striking Gray. Gray and Dumont returned fire and also shot two attacking dogs. Gray said he never saw defendant pull out his firearm, "but assumed he might have as he was responsible for securing anyone who came out of the bedrooms." The three then fled the residence to defendant's car and defendant drove away. Defendant believed the entire incident lasted about five seconds.

Later that night, a sheriff's deputy attempted to pull over defendant but when the officer got out of his car, defendant drove off. After being chased, defendant drove his car into a ditch and all three ran away. Defendant was arrested on December 3 and Gray and Dumont turned themselves in to the Shasta County Sheriff's Department the following day.

On April 18, 2000, defendant was sentenced in accordance with the plea to a total term of 26 years to life.[3]

*Section 1170.95 petition*

On January 3, 2019, counsel for defendant filed a petition for resentencing under section 1170.95. The petition contended that, relying on the facts in the presentence/probation report, defendant was not the actual killer, did not aid and abet the actual killer with the intent to kill, and was not a major participant in the felony who

---

[3]    On March 27, 2020, the Governor commuted defendant's sentence and ordered him released on parole based on "the work he has done since [his crimes] to transform himself." Defendant still seeks relief, however, arguing that he still stands to benefit from resentencing under sections 1170.95 and 1170, subdivision (d), as it could lead to the vacation of his murder conviction and gives the trial court authority to, among other things, strike his firearm enhancements.

5

acted with reckless indifference to human life. The prosecutor conceded in briefing that defendant was not the actual killer and did not act with the intent to kill, but argued defendant was a major participant who acted with reckless indifference to human life; defendant's counsel filed a reply brief.

On September 9, 2019, the trial court denied defendant's petition for relief. Defendant's counsel asked that defendant be allowed to personally attend the hearing; that request was denied. The court then found Senate Bill 1437 (2017-2018 Reg. Sess.) unconstitutional because it impermissibly amends Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978); Proposition 7) and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990); Proposition 115). Finally, even if it was constitutional, the trial court said it would deny the petition because it found defendant was a major participant who acted with reckless indifference towards human life. Relying on the facts from the presentence/probation report, the court described defendant's involvement in the crime, including that he knew that he and the other two perpetrators were armed; knew there were people inside the residence; helped the others enter the residence; was part of the plan to secure the occupants of the residence; and drove the getaway car. In finding reckless indifference, the court reiterated these facts and noted defendant's "initial reluctance prior to the entry indicated his awareness of the dangerousness of the situation. His decision to move forward with the plan demonstrated a reckless indifference to human life."

Defendant timely appealed the denial of his section 1170.95 petition.

*Section 1170 letter*

On June 19, 2019, the Secretary of the CDCR wrote the trial court to "provide the court with the authority to resentence [defendant], pursuant to" section 1170, subdivision (d)(1). The letter noted a review of defendant's file "reveals exceptional efforts relative to Self-Help groups and furthering his education. [Defendant] has earned 85 Laudatory 128B's from various staff and volunteers as well as a Bachelor of Arts Degree from

6

Adams State College in Business Administration and Master of Arts Degree from California State University, Dominguez Hills in Humanities." The Secretary "recommend[ed] [defendant's] sentence be recalled and that he be resentenced." The letter attached documentation from defendant's prison record to support the Secretary's recommendation. On October 2, 2019, defendant filed a pleading in support of the recommendation for recall and resentencing and attached supporting documents, including 26 letters from professionals, community members, and family members, attesting to his rehabilitation and good character. The prosecutor filed a brief opposing it.

On December 19, 2019, the court declined to recall defendant's sentence. It first declined to act on the ground that it was "without jurisdiction" because the case was on appeal from the court's denial of defendant's section 1170.95 petition. Even if it did have jurisdiction, the court stated it would decline to exercise discretion. The court summarized the facts of the case from "the plea form, probation report, sentencing minute order, and abstract of judgment," among other information. From this, it concluded that defendant was a major participant who acted with reckless indifference to human life because he helped plan the burglary and had opportunities to not participate, was armed, and "did nothing to prevent or stop the shooting, and assisted the shooter by driving the car away from the scene." Thus, the court found that defendant was sentenced appropriately for the crimes, reasoning as follows:

"The District Attorney opposes the request by CDCR to resentence Defendant. Several members of [the victim's] family were contacted and they also oppose the request.

"The Court is also mindful of the Cal. Rule of Court 4.410 regarding the general objectives of sentencing. Those objectives include protection of society and punishment of the defendant. This is a case that involves the most serious crime with a very severe penalty. The sentence imposed by the Trial Court intended to simultaneously protect society and punish Defendant. In addition, the sentence (including incarceration) is

7

intended to rehabilitate a defendant. Here, Defendant has productively spent his time obtaining an education. He also remained virtually offense-free during his period of incarceration.

"It is also a goal to be uniform in sentencing. The legislature has provided both the punishment for the offense, as well as the statutory vehicle to recall the sentence at the request of CDCR. Individuals convicted of first degree murder all face a significantly serious sentence, and that sentence is consistently imposed throughout the state.

"But, another objective in sentencing is to deter others from criminal conduct by demonstrating its consequences. Taking into consideration the particular facts and circumstances of this case (including Defendant's post-conviction conduct and accomplishments), this court feels that Defendant should not be resentenced pursuant to Cal. Pen. Code § 1170(d)(1)."

Defendant appealed this order on February 18, 2020.[4]

DISCUSSION

I

*Section 1170.95 Petition*

Defendant makes three arguments relating to his section 1170.95 petition: (1) he made a prima facie showing for relief; (2) Senate Bill 1437 (2017-2018 Reg. Sess.) and section 1170.95 are constitutional; and (3) the court erred in denying defendant's request to be present for the hearing. For the first argument, defendant asserts the court should have issued an order to show cause and held a hearing to resolve any factual disputes because nothing in the record conclusively established his ineligibility.

The People agree Senate Bill 1437 (2017-2018 Reg. Sess.) is constitutional, and that the trial court engaged in improper factfinding in denying defendant relief at the

---

[4]     At defendant's request we consolidated this appeal with his prior appeal.

8

prima facie stage, and this matter must be remanded with direction to issue an order to show cause.  The People do not concede, however, that defendant will eventually be entitled to relief.

A.    *Constitutionality*

We first agree with the parties that the court erroneously found Senate Bill 1437 (2017-2018 Reg. Sess.) unconstitutionally amended Propositions 7 and 115.  Several Courts of Appeal—including this one—have rejected the arguments the trial court relied upon in finding Senate Bill 1437 unconstitutional.  In *People v. Superior Court (Gooden), supra*, 42 Cal.App.5th at pages 279 through 289, and *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 250 through 251, the courts concluded that Senate Bill 1437 does not unconstitutionally amend Propositions 7 and 115.  (Accord, *People v. Bucio* (2020) 48 Cal.App.5th 300, 311-312; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747; *People v. Solis* (2020) 46 Cal.App.5th 762, 769.)  We agreed with the above authorities in *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 909-917 (Senate Bill 1437 was not an invalid attempt to amend Prop. 7 or Prop. 115).

Given the lengthy and thoughtful discussions in each of the above published opinions, we see no need to address these contentions further.  It suffices to say that we agree with those courts concluding Senate Bill 1437 did not unconstitutionally amend Proposition 7 or Proposition 115.

B.    *Prima facie analysis*

Our Supreme Court is reviewing several issues related to the prima facie process of section 1170.95, subdivision (c).  Relevant here is whether trial courts may "consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief."  (See order granting review of *People v. Lewis* (2020) 43 Cal.App.5th 1128 [2020 Cal. LEXIS 1946], review granted Mar. 18, 2020, S260598 (*Lewis*).)

9

In the meantime, we agree with our colleagues in other courts that have found a trial court is not required to accept assertions in a petition when the record refutes them. (See, e.g., *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165-1166.) As the *Lewis* court aptly summarized: " 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' " (*Lewis, supra*, 43 Cal.App.5th at p. 1138, rev.gr.) In this way, trial courts "perform a substantive gatekeeping function, screening out clearly ineligible petitioners before devoting additional resources to the resentencing process" (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 331, review granted, Mar. 18, 2020, S260493 (*Verdugo*)), a concept that the court characterized as a "well-established part of the resentencing process under Propositions 36 and 47." (*Id*. at p. 329.)

Further, in performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may review any "readily ascertainable" information in the court file or otherwise part of the record of conviction. (*Verdugo, supra*, 44 Cal.App.5th at p. 329, rev.gr.); accord, *Lewis, supra*, 43 Cal.App.5th at pp. 1137-1139, rev.gr.) Thus, if the record of conviction establishes as a matter of law that the petitioner is ineligible for relief, the trial court may deny the petition without conducting further proceedings. (*Verdugo*, at pp. 329-330, 332-333; *Lewis*, at pp. 1139-1140; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410.)

However, when assessing a prima facie showing, trial courts must assume the facts stated in the petition are true and decline to find a prima facie case only where the defendant is ineligible as a matter of law and there is no contested issue of fact or law. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 909, review granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980-982; *People v. Smith* (2020)

10

49 Cal.App.5th 85, 95-96, review granted July 22, 2020, S262835; cf. *People v. Law* (2020) 48 Cal.App.5th 811, 826 [analyzing whether facts in record show defendant was major participant who acted with reckless indifference to human life], review granted July 8, 2020, S262490.)  This stage is not the time for the trial court to engage in "factfinding involving the weighing of evidence or the exercise of discretion." (*Drayton, supra*, at p. 980; contra, *People v. Garcia* (2020) 57 Cal.App.5th 100, 116 [disagreeing with *Drayton* that petitioner's assertions must be conclusively refuted as matter of law], review granted Feb. 10, 2021, S265692.)  Where opposing inferences are possible, trial courts should appoint counsel and permit briefing, and then, if petitioner's entitlement to relief still remains unresolved, issue an order to show cause for an evidentiary hearing. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues"].)

Defendant's petition pled the facts required by section 1170.95, subdivision (a), and the record of conviction here does not conclusively establish defendant is ineligible for relief as a matter of law.  There are no jury findings, prior findings by this court, or any other finding related to defendant's conviction that necessarily found he was the actual killer, had the intent to kill and aided and abetted the actual killer, or was a major participant who acted with reckless indifference to human life.  (See, e.g., *People v. Gomez* (2020) 52 Cal.App.5th 1, 15 ["the jury necessarily found that [the defendant] either participated in the alleged robbery and kidnapping with the intent to kill [the victim], or that she was a major participant in those crimes who acted with reckless indifference to [the victim's] life"], review granted Oct. 14, 2020, S264033; *Verdugo, supra*, 44 Cal.App.5th at p. 333 ["Based on the language of our opinion, the court correctly concluded [the defendant's] murder conviction was necessarily predicated on a

finding he had acted with express malice and, therefore, he was ineligible for relief under section 1170.95"], rev.gr.)

Determining defendant's eligibility instead requires a factual analysis. There are no facts suggesting defendant was the actual killer or harbored the specific intent to kill, as the prosecutor conceded. For defendant to be ineligible for relief then, it must be determined defendant was a major participant acting with reckless indifference to human life. This is a fact-intensive inquiry not appropriate at the prima facie stage. For example, whether the defendant acted with reckless indifference to human life relies on factors such as personal use of any weapons, physical presence at the crime scene and opportunities to restrain the crime and/or aid the victim, and the duration of the felony. (*People v. Clark* (2016) 63 Cal.4th 522, 618-623 (*Clark*); cf. *People v. Banks* (2015) 61 Cal.4th 788, 803 [detailing analysis to determine whether a defendant was a major participant].) No one factor " 'is necessary, nor is any one of them necessarily sufficient.' " (*Clark, supra*, at p. 618.)

This is not established here by the record of conviction as a matter of law. Defendant's participation in an armed theft does not automatically render him having acted with reckless indifference to human life. (See *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1088 ["A knowledge of the possible risk of death inherent in certain felonies like armed robbery does not satisfy the reckless indifference standard"].) Instead, there must be facts that "elevated the risk to human life beyond" that inherent in any armed theft. (*Clark, supra*, 62 Cal.4th at p. 623.)

Since there is nothing in the record establishing as a matter of law that defendant acted with reckless indifference to human life, the court was obligated to perform a factual inquiry to determine defendant's eligibility in accordance with the provisions provided by the Legislature. This it did not do. The Legislature created a mechanism to conclusively decide eligibility in subdivision (d) of section 1170.95. The trial court short-circuited these procedures by having a hearing without permitting either party to

12

"offer new or additional evidence" or finding the prosecutor proved "beyond a reasonable doubt" that defendant "is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

The error here was not in the conclusion but in the process. We do not decide whether defendant is eligible for relief. Instead, we find that defendant is not ineligible as a matter of law based on the record of conviction and therefore has made a prima facie showing for relief. We will reverse and remand for the court to issue an order to show cause and conduct a hearing in accordance with section 1170.95, subdivision (d) to determine defendant's eligibility.[5]

## II

### *Sentence Recall Under Section 1170*

Defendant also contends the court had jurisdiction to recall his sentence under section 1170, subdivision (d), and it abused its discretion in not doing so. The People agree the court had jurisdiction to recall defendant's sentence, but argue it properly exercised that discretion in denying relief.

Section 1170, subdivision (d)(1) provides in pertinent part that "the court may, . . . at any time upon the recommendation of the secretary . . . , recall the sentence and commitment previously ordered and resentence the defendant . . . . The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice."

The trial court had jurisdiction to recall defendant's sentence notwithstanding his pending appeal. Section 1170, subdivision (d) "is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) This also is a limited exception to the rule

---

[5] We therefore need not address defendant's argument regarding his right to be present at the prima facie hearing stage.

that " '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' " (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923; *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1836 ["We thus conclude a trial court is not divested of its limited jurisdiction under section 1170, subdivision (d) to recall a sentence for modification within 120 days of the defendant's commitment by the filing of an appeal notice"].)

As for the court's decision, we review its "order declining to follow the Secretary's recommendation for abuse of discretion." (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.) Its decision " 'will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Holford* (2012) 203 Cal.App.4th 155, 168.)

The reasons given by the trial court for declining to recall defendant's sentence do not indicate that it abused its discretion in finding the interests of justice did not justify relief. The trial court reviewed the entire record, including defendant's record of conviction, including the presentence/probation report that provided the factual summary of defendant's crimes, and his behavior in prison. The court also detailed defendant's involvement in the murder of Fontecchio, including knowing people were inside; he and his compatriots were armed; Fontecchio may have gotten guard dogs; and that defendant was apprehensive because of the risk but still knowingly decided to continue.

This is a different analysis than whether to resentence defendant under section 1170.95. As discussed, under that resentencing procedure the parties are permitted to submit additional evidence and the prosecutor has the burden to establish ineligibility beyond a reasonable doubt. Conversely, under section 1170, subdivision (d)(1), the trial court has full discretion whether to recall and resentence defendant in the interest of justice. Even if defendant is later determined to not have been a major participant who

14

acted with reckless indifference to human life at the evidentiary hearing under section 1170.95, the trial court's finding that defendant was not entitled to resentencing under section 1170 because he participated in a violent crime with substantial risk of death, and which did end in death, was not arbitrary or capricious.

We therefore do not find the court abused its discretion in deciding not to recall defendant's sentence under section 1170, subdivision (d).

DISPOSITION

For the foregoing reasons, we reverse the trial court's order denying defendant's section 1170.95 petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing pursuant to section 1170.95, subdivision (d) to determine whether to vacate defendant's murder conviction and recall his sentence and resentence him.


                                              KRAUSE            , J.


We concur:


      MURRAY        , Acting P. J.


      RENNER        , J.