Filed 11/16/21  P. v. Miller CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>GERALD LEE MILLER,<br><br>        Defendant and Appellant. | B310804<br><br>(Los Angeles County Super. Ct. No. TA037989) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1998, a jury convicted appellant Gerald Lee Miller of 11 felonies and found true related enhancements.[1]  The superior court sentenced appellant to a total determinate term of 42 years. On count 1, attempted murder (Pen. Code, §§ 187, 664)[2], the court sentenced appellant to a total of 22 years: the upper term of nine years for the attempted murder (§ 664, subd. (a)), plus 10 years for personal use of a firearm (§ 12022.5, subd. (a)), and three years for the infliction of great bodily injury (§ 12022.7, subd. (a)).  On count 3, the court imposed a consecutive sentence of three years, four months for robbery (§ 211), a firearm enhancement (§ 12022.5, subd. (a)), and an enhancement for inflicting great bodily injury (§ 12022.7, subd. (a)).  The court imposed consecutive sentences of two years, four months on each of counts 6, 7, and 8, for robbery (§ 211) and related firearm enhancements (§ 12022.5, subd. (a)).  On count 13, the court imposed a consecutive sentence of three years, eight months for attempted murder (§§ 187, 664) and a related firearm enhancement (§ 12022.5, subd. (a)).  Consecutive to the collective consecutive term of 36 years, the court imposed one year for each of six prison priors. (§ 667.5, subd. (b)).  The court imposed and stayed sentences on count 2, attempted robbery (§§ 211, 664, 12022.5, subd. (a), 12022.7, subd. (a)), count 5, assault with a firearm (§§ 245, subd. (a)(2), 12022.7, subd. (a)), and counts 10, 11, and 12, felon in possession (former § 12021, subd. (a)), pursuant to section 654.

---

[1] The counts are numbered 1 through 13; counts 4 and 9 were dismissed.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

Appellant appealed his convictions and sentence. We affirmed his convictions but ordered his sentence modified. Pursuant to a remittitur issued June 27, 2000, the superior court struck two of the one-year prison priors (§ 667.5, subd. (b)) and a great bodily injury enhancement (§ 12022.7, subd. (a)) on stayed count 5, and reduced appellant's restitution fine from $1,000 to $200. After these modifications, appellant's total sentence was 40 years.

On January 19, 2021, appellant filed a petition for writ of habeas corpus seeking further modification of his sentence. He cited Senate Bill No. 620 (Stats. 2017, ch. 682, § 2), which gave superior courts discretion to strike firearm enhancements; Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1, 2), which gave superior courts discretion to strike serious felony enhancements imposed under section 667, subdivision (a)(1); the Los Angeles County District Attorney's Special Directive 20-14, which set forth policies regarding resentencing; and section 1170, subdivisions (a)(1) and (b), which respectively state the purpose of sentencing and vest in the superior court discretion to select a term that best serves the interest of justice. Appellant attached to his petition a letter from his son and numerous certificates he has earned for completing rehabilitative programming during his incarceration.

The superior court denied the petition on February 2, 2021. It concluded that, "[t]o the extent that the defendant is requesting a modification pursuant to 1170(d), and more specifically, the District Attorney's new sentencing policy, he lacks standing to bring a motion pursuant to this section." The court further stated there was no legal basis to modify the sentence.

Appellant timely filed a notice of appeal on February 16, 2021.  On June 18, 2021, his appointed appellate counsel filed a brief raising no issues and requesting this court follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Under *Serrano*, when appointed counsel raises no issues in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record.  (*Id.* at 498.)  On June 18, 2021, we directed counsel to send the record and a copy of the brief to appellant, and to notify him of his right to respond within 30 days.  On July 20, 2021, appellant filed a supplemental brief.

Appellant first requests that we apply the abuse of discretion standard of review set forth in *People v. McCallum* (2020) 55 Cal.App.5th 202 (*McCallum*) and *People v. Martinez* (Apr. 21, 2021, No. H04805) 2021 Cal.App.Unpub. LEXIS 2567 [nonpub. opn.] (*Martinez*).  In *McCallum*, the Secretary of the Department of Corrections and Rehabilitation, acting under the authority of section 1170, subdivision (d)(1),[3] recommended that McCallum's sentence be recalled based on his violation-free

---

[3] Section 1170, subdivision (d)(1) provides in relevant part that a defendant's sentence may be recalled and the defendant resentenced "at any time upon the recommendation of the secretary [of the Department of Corrections and Rehabilitation] or the Board of Parole Hearings . . . or the district attorney of the county in which the defendant was sentenced."  As the superior court correctly observed in its ruling, section 1170, subdivision (d) does not authorize a defendant to request resentencing on his or her own behalf. (See *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1833 ["section 1170, subdivision (d) by its own terms precludes (defendant) from having standing to bring a motion under that section to recall his sentence"].)

4

conduct and completion of various educational and self-awareness programs. (*McCallum*, *supra*, 55 Cal.App.5th at p. 206.) The superior court denied the recommendation without providing McCallum with an opportunity to submit additional information for its consideration. (*Ibid.*) The Court of Appeal concluded the superior court abused its discretion and remanded the matter to give both McCallum and the prosecution an opportunity to present additional information to the court. (*Id.* at p. 207.) Similarly, in *Martinez*, the Secretary of the Department of Corrections and Rehabilitation recommended that the superior court resentence Martinez in accordance with Senate Bill No. 1393. (*Martinez*, *supra*, 2021 Cal.App.Unpub. 2567, at p. *3.) The superior court denied the recommendation as an improper attempt to extend the reach of Senate Bill No. 1393 to all defendants whose cases were final. (*Id.* at pp. *3-*4.) The Court of Appeal agreed with Martinez and the Attorney General that the trial court misunderstood the scope of and therefore abused its discretion. (*Id.* at pp. *5, *9-*10.)

Neither *McCallum* nor *Martinez* is pertinent. Both cases involved recommendations for resentencing made by the Secretary of the Department of Corrections and Rehabilitation pursuant to section 1170, subdivision (d). The Secretary made no recommendation here, and appellant may not make one on his own behalf. (See § 1170, subd. (d)(1); *Portillo v. Superior Court*, *supra*, 10 Cal.App.4th at p. 1833.) Moreover, unlike the court in *McCallum*, the superior court here had before it appellant's additional materials, including his certificates of completion and the letter from his son. And unlike *Martinez*, Senate Bill No. 1393 has no application here because appellant did not have prior serious felony convictions within the meaning of section 667,

5

subdivision (a). Moreover, even if it were on point, *Martinez* is an unpublished opinion that may not be cited or relied upon (Cal. Rules of Court, Rule 8.1115(a)).

Appellant next argues that "the trial court erred in its legal conclusion" because it failed to apply current law to his petition. He asserts that section 1170 allows defendants to seek sentence modification after serving five years of their term, and points to his completion of rehabilitative programming and more than five years of good behavior. As noted above, section 1170, subdivision (d)(1) does not permit defendants to seek resentencing. Section 1170, subdivision (d)(2) permits defendants who were sentenced to life imprisonment without the possibility of parole, were "under 18 years of age at the time of the commission of the offense," and have been incarcerated for at least 15 years to file a petition for recall and resentencing. However, appellant was not sentenced to life imprisonment without the possibility of parole and was not under age 18 when he committed the series of offenses for which he is incarcerated. Appellant accordingly is not authorized to seek resentencing on his own behalf.

Appellant next contends the superior court exercised its discretion in an arbitrary and capricious fashion that resulted in a manifest miscarriage of justice. Specifically, he asserts the superior court erroneously concluded he lacked standing to seek resentencing and failed to make any determination about his suitability for resentencing. As stated above, appellant did lack standing to file a petition for recall of sentence under section 1170, subdivision (d). Appellant also lacked standing to file a petition under section 1170, subdivision (e), which permits "the secretary [to] recommend to the court that the prisoner's sentence be recalled" if the prisoner is terminally ill or otherwise medically

6

incapacitated. The superior court therefore did not abuse its discretion in denying the petition without further consideration of appellant's suitability for resentencing.

Appellant next argues the superior court misunderstood the scope of its discretion by failing to find him eligible for relief under Senate Bill No. 1393. Appellant correctly recognizes that Senate Bill No. 1393 gave superior courts the discretion to strike enhancements for prior serious felony convictions imposed under section 667, subdivision (a) (see *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1074), but fails to recognize that the prior conviction enhancements in this case were imposed under section 667.5, subdivision (b), to which Senate Bill No. 1393 does not apply. Appellant asserts for the first time on appeal that these enhancements must be stricken under Senate Bill No. 136 (Stats. 2019, ch. 590, § 1), which limited the reach of section 667.5, subdivision (b) to sexually violent prior offenses. (See *People v. Winn* (2020) 44 Cal.App.5th 859, 872.) Appellant forfeited this contention by failing to raise it below. Even if the contention were preserved, Senate Bill No. 136 applies retroactively only to cases that are not yet final. (*People v. Winn*, *supra*, 45 Cal.App.5th at p. 872.) Appellant's case has been final for approximately two decades.

Despite acknowledging that the issue "has-not [*sic*] been raised in this petition," appellant further argues that his sentence is illegal because both a great bodily injury enhancement (§ 12022.7, subd. (a)) and a firearm enhancement (§ 12022.5, subd. (a)) were imposed on count 1. This contention is forfeited because it was not raised below. Moreover, the case on which appellant relies, *People v. Cook* (2015) 60 Cal.4th 922, 924, holds that great bodily injury enhancements do not apply to

7

convictions for murder or manslaughter.  Appellant was convicted of attempted murder in count 1.

Finally, appellant asserts the superior court abused its discretion by imposing a blanket policy "instead of making an individualized determination on the appellant's request under [S]enate [B]ill 620 and [S]enate [B]ill 1393."  As stated above, the superior court correctly concluded that appellant had no authority to make his request.  To the extent appellant's unsupported assertion implicates *Martinez, supra,* 2021 Cal.App.Unpub. LEXIS 2567, that unpublished case is not citeable authority.  (Cal. Rules of Court, Rule 8.1115(a).)

Appellant fails to raise any arguable contention that the superior court erred in denying him relief.  (See *People v. Hertz* (1980) 103 Cal.App.3d 770, 780 [appellant has affirmative duty to show error].)

## DISPOSITION

The superior court's order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

MANELLA, P. J.

WILLHITE, J.

8