Filed 8/27/25  P. v. Perez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO PEREZ,<br><br>    Defendant and Appellant. | H052417<br>(Monterey County<br>Super. Ct. No. SS111071A) |

In 2013, defendant Pedro Perez pleaded no contest to voluntary manslaughter and admitted gang and firearm allegations.  The trial court imposed an aggregate sentence of 41 years in state prison.  In 2024, Perez filed an "Invitation to Recall Sentence" under Penal Code section 1172.1.[1]  Based on subdivision (c) of that section, the trial court declined to take any action on the motion, and Perez appealed.

At issue is whether a trial court's decision not to act on a defendant's request for resentencing under section 1172.1 constitutes an appealable order.  For the reasons below, we conclude the trial court's order in this case did not affect Perez's substantial rights under section 1237, subdivision (b).  We therefore lack jurisdiction, and we must dismiss the appeal.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

In 2013, in exchange for a stipulated sentence of 41 years in prison, Perez pleaded no contest to voluntary manslaughter. (§ 192, subd. (a).) He admitted allegations that he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)); that he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)); and that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). The trial court imposed the agreed-upon term of 41 years, equal to the upper term of 11 years for manslaughter, plus consecutive terms of 10 years for the gang enhancement and 20 years for the firearm enhancement under section 12022.53, subdivision (c). The court stayed a 10-year term for the firearm enhancement under section 12022.5, subdivision (a). Perez did not appeal.

In December 2023, Perez filed a pro se petition for recall and resentencing under section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608 (denial of the opportunity to petition for resentencing by juvenile offenders sentenced to the functional equivalent of life without parole violates equal protection). In a written opposition to the petition, the prosecution argued Perez was ineligible for resentencing because he had not yet been incarcerated for 15 years. Perez also filed a pro se "Request for Appointment of Counsel to Motion the Court for Relief Under the California Racial Justice Act." Perez's request alleged a violation of the California Racial Justice Act (RJA) as codified in part at section 745, subdivision (a). The trial court appointed counsel to represent Perez in these matters and scheduled a hearing on them.

In February 2024, counsel for Perez filed an "Invitation to Recall Sentence" under section 1172.1, seeking the benefit of various ameliorative changes in sentencing laws enacted after his judgment had become final. Counsel also filed a "Motion for Relevant Data" under section 745, subdivision (d), seeking discovery under the RJA.

---

[2] The facts of the offense are immaterial to our analysis.

In August 2024, the trial court held a hearing on the above matters. Perez moved to withdraw the petition for resentencing under section 1170, subdivision (d)(1) without prejudice to refiling it upon his fifteenth year of incarceration. The court granted the motion. The court then dismissed the discovery motion under section 745, subdivision (a), ruling that the court lacked jurisdiction under that section because Perez's judgment was final, such that he was required to file a habeas petition to obtain relief under the RJA.

As to the invitation to resentence under section 1172.1, the trial court stated, "[P]ursuant to 1172.1 subdivision (c), the Court respectfully declines to entertain this motion and will not take any action on this motion pursuant to that provision."

Perez timely filed a notice of appeal from the trial court's decision not to take action on the invitation under section 1172.1. We ordered Perez to show cause why the appeal should not be dismissed as taken from a nonappealable order. After Perez responded, we deferred the question of appealability for consideration with the appeal and requested the parties to fully brief the question in their opening and responsive briefs.

## II. DISCUSSION

Perez contends the trial court's order declining to take action on his request for resentencing under section 1172.1 constitutes an appealable order under section 1237, subdivision (b). The Attorney General argues Perez has no right to appeal the trial court's decision because it did not affect his substantial rights under section 1237.

### A. *Legal Principles*

In 2023, the Legislature passed Assembly Bill No. 600 (2023-2024 Reg. Sess.), amending section 1172.1 to grant trial courts the jurisdiction to initiate resentencing on the court's own motion at any time, if the applicable sentencing laws have changed since the defendant's original sentencing. (Stats. 2023, ch. 446, § 2, eff. Jan. 1, 2024.) As amended, section 1172.1, subdivision (a)(1) provides in part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the

3

Department of Corrections and Rehabilitation . . ., the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."

Section 1172.1, subdivision (a)(1) further provides that a trial court may recall a sentence and resentence the defendant "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."

Finally, section 1172.1, subdivision (a)(1) provides: "Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (*Ibid.*) However, "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

The right of appeal is statutory, and a judgment or order is not appealable unless expressly made so by statute. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598 (*Teal*).) Subdivision (d) of section 1172.1 refers to an appeal from a ruling "on a referral authorized by this section," but the statute is silent on the appealability of a trial court's decision whether to act on a defendant's request for resentencing in the absence of a referral. Under section 1237, however, a defendant may appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) "[A]

4

postjudgment order 'affecting the substantial rights of the party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto." (*Teal*, at p. 600.)

### B. The Trial Court's Order Did Not Affect Perez's Substantial Rights

Perez requested resentencing under section 1172.1 to obtain the benefit of various ameliorative changes in the sentencing laws enacted after his judgment became final— e.g., amendments to section 1170 effected by Senate Bill No. 567 (2020-2021 Reg. Sess.), which made the middle term of a sentencing triad the presumptive term, among other changes. (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.) The Attorney General does not dispute that the sentencing laws applicable at the time of Perez's sentencing were subsequently changed by new statutory authority or case law within the meaning of section 1172.1, subdivision (a)(1). Nor does the Attorney General argue that the trial court lacked jurisdiction to resentence Perez on the court's own motion under section 1172.1. Rather, the Attorney General contends subdivision (c) statutorily forecloses a defendant's right to request resentencing under section 1172.1, such that a court's decision not to act on a request does not affect the defendant's substantial rights under section 1237, subdivision (b). The Attorney General argues the trial court's decision is therefore not appealable.

Perez acknowledges, as he must, that under section 1172.1, subdivision (c) he was not entitled to file a petition for resentencing under that section. But he distinguishes between the filing of a petition and a defendant's "invitation" to the court to initiate resentencing, and he asserts nothing in the statute prohibits the latter. Section 1172.1, subdivision (c) refers to a defendant "request[ing] consideration for relief," and the plain language of the statute does not expressly deprive a defendant of the right to do so. But that subdivision also provides that "the court is not required to respond" to such a request, raising the question whether the trial court's decision not to act on Perez's request constituted an order affecting his substantial rights under section 1237, subdivision (b).

5

As of the filing of this opinion, four courts of appeal have held that a trial court's decision not to act on a defendant's request for resentencing under section 1172.1 was not appealable. (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy* (2025) 110 Cal.App.5th 991 (*Roy*); *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*).) All four courts concluded the trial court's decision did not affect the defendant's substantial rights under section 1237, subdivision (b).

Perez relies instead on *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*), in which the California Supreme Court held the abuse of discretion standard of review applies to a trial court's decision not to dismiss or strike a sentencing allegation under section 1385. (*Id.* at p. 376.) Under section 1385, subdivision (a), "The judge . . . may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." At Carmony's sentencing hearing, he moved to dismiss two prior strike convictions under section 1385, but based on his record, the trial court concluded that Carmony fell within the spirit of the Three Strikes Law and declined to dismiss the strikes. (*Carmony,* at p. 373.)

On review, the Supreme Court rejected a lower court's "faulty" reasoning that because section 1385 does not give a defendant the right to make a motion, a trial court has no obligation to rule on such a motion, and that a trial court's decision not to grant the motion is therefore not reviewable on appeal. (*Carmony*, *supra*, 33 Cal.4th at p. 375.) The Court held, "A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.]" (*Id.* at p. 375.) The Court characterized a trial court's decision to dismiss a prior conviction and the decision *not* to dismiss it as "flip sides of the same coin," and the

6

Court noted that the prosecution had the power to appeal a trial court's decision to dismiss a strike on its own motion. (*Id.* at pp. 375-376.) The Court concluded that "as a matter of logic and fairness, the defendant should have the concomitant power to appeal a court's decision not to dismiss a prior under section 1385 even though he or she cannot make a motion to dismiss." (*Id.* at p. 376.)

Perez contends the same logic applies here. We are not persuaded. The issue in *Carmony* was not whether a court of review would have jurisdiction over the trial court's decision. In referring to Carmony's "power to appeal" the trial court's decision, the Court was addressing the reviewability of the decision on appeal, not its appealability as a jurisdictional matter. Carmony had a statutory right to appeal his sentence as a "final judgment of conviction" under section 1237, subdivision (a). Accordingly, the *Carmony* Court had no occasion to consider whether the trial court's decision affected Carmony's substantial rights under section 1237, subdivision (b) because the decision was not an "order made after judgment." "It is axiomatic that cases are not authority for propositions not considered." (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)

Perez also relies on *People v. Loper* (2015) 60 Cal.4th 1155 (*Loper*). In *Loper*, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) recommended to the trial court that Loper's sentence be recalled under section 1170, former section (e) and that he be granted compassionate release due to his medical condition. (*Id.* at p. 1158.) The trial court denied the recommendation, and Loper appealed but the Secretary did not. The Court of Appeal held the trial court's order was not appealable under section 1237, subdivision (b), reasoning that "because 'a defendant has no right to apply to the court for an order recalling the sentence on compassionate release grounds,' his 'substantial rights are not affected by the trial court's order denying recall of his sentence.' " (*Loper,* at p. 1161.) On review, the California Supreme Court recognized that the statutory scheme governing recall and resentencing for compassionate release did not authorize a prisoner to initiate such a proceeding independent of prison or

7

parole authorities; only the Secretary or Board of Parole Hearings could do so. (*Ibid.*) Nonetheless, the California Supreme Court reversed the lower court's decision, holding, "We conclude that when the proceeding is properly initiated by prison or parole authorities as required by law, the trial court's decision produces an appealable order that may be appealed by the prisoner." (*Id.* at p. 1158.)

In reaching this conclusion, the Court rejected the assumption that one must be the moving party in the trial court in order to acquire the right to appeal an adverse ruling. (*Loper*, *supra*, 60 Cal.4th at p. 1161.) The Court observed that the plain language of section 1237, subdivision (b) is not limited to appeals taken from orders denying a defendant's motion; the language allows criminal defendants to appeal from "any" order made after judgment, affecting the substantial rights of the party. (*Id.* at p. 1163.) The Court then cited with approval several cases in which lower courts have "recognized a defendant's right to appeal in situations in which he was not, and could not be, the moving party." (*Ibid.*) The Court concluded these cases "demonstrate that a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165.)

The Court also concluded that the trial court's denial of the motion affected Loper's substantial rights. "Although defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf. By providing a mechanism for releasing eligible prisoners from custody, [former] section 1170(e) implicates a prisoner's substantial interest in personal liberty." (*Loper, supra,* 60 Cal.4th at p. 1161, fn. 3.) Additionally, the compassionate release statute "establishe[d] eligibility criteria [citation], suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria." (*Ibid.*)

Under *Loper*, the first sentence of section 1172.1, subdivision (c) ("A defendant is not entitled to file a petition seeking relief from the court under this section") does not by

8

itself make the trial court's decision nonappealable. (*Roy*, *supra*, 110 Cal.App.5th at p. 997; *Hodge*, *supra*, 107 Cal.App.5th at p. 996.) In *Loper*, however, the trial court was *required* to consider whether to recall his sentence in response to the Secretary's recommendation: "Within 10 days of receipt of a positive recommendation by the secretary or the board, the court *shall* hold a hearing to consider whether the prisoner's sentence should be recalled." (§ 1170, former subd. (e)(3), italics added.) (See also *Teal*, *supra*, 60 Cal.4th at p. 600 [holding appealable a trial court's determination that petitioner was ineligible for resentencing under section 1170.126 where the trial court was required to determine petitioner's eligibility for resentencing upon the filing of the petition].) Here, by contrast, the second sentence of subdivision (c) in section 1172.1 expressly provides that "the court is not required to respond" to a defendant's request for resentencing, and the statute provides no criteria by which a court should decide whether to respond. Thus, *Loper* does not squarely answer the question at issue here.

The Attorney General argues *Loper* is inapposite because in *Loper,* "the trial court's jurisdiction had already been properly invoked by someone other than the defendant under the relevant statute." But under section 1172.1, a trial court's jurisdiction to recall a sentence does not necessarily depend on another party's invocation; a trial court has jurisdiction to act "*on its own motion*, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law. . . ." (§ 1172.1, subd. (a)(1), italics added.)

Trial courts have long had "own-motion jurisdiction" to recall a defendant's sentence within 120 days of the date of commitment under section 1170, former subdivision (d), and its predecessor statute, section 1168. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464 (*Dix*).) Own-motion jurisdiction under these provisions did not depend on the party or court taking any action; the trial court had jurisdiction to recall a defendant's sentence at any time during the 120-day period after commitment, and the

9

court only lost jurisdiction if it failed to recall a sentence within that period. (*Id.* at p. 464.) (See also *People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757 [the 120-day period specified in section 1170, subdivision (d) is jurisdictional; the court must recall the sentence within the prescribed period].)

Furthermore, under section 1170, former subdivision (d), a trial court could recall a sentence within the 120-day jurisdictional period "for any reason rationally related to lawful sentencing." (*Dix*, *supra*, 53 Cal.3d at p. 456.) This included the exercise of own-motion jurisdiction to recall a sentence in response to an informal request from a party who had no standing to make such a motion. "[A] recall does not exceed the court's 'own-motion' jurisdiction simply because the court was approached with an informal request to act." (*Id.* at p. 465, fn. 18.) By the same token, the trial court necessarily had jurisdiction to *deny* a defendant's request for resentencing within the 120-period, regardless of the defendant's lack of standing to make such a request. (*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834.)

In 2021, the Legislature enacted Assembly Bill No. 1540 (2021-2022 Reg. Sess.), which moved the 120-day jurisdictional language from section 1170, former subdivision (d) to section 1170.03, among other changes. (Stats. 2021, ch. 719, § 3.1, eff. Jan. 1, 2022.) The Legislature then renumbered section 1170.03 as section 1172.1 without substantive changes in Assembly Bill No. 200 (2021-2022 Reg. Sess.). (Stats. 2022, ch. 58, § 9, eff. June 30, 2022.) Finally, as noted above, the Legislature's passage of Assembly Bill No. 600 in 2023 amended section 1172.1, resulting in the version of the statute at issue here.

Under the prior version of 1172.1, a trial court only had jurisdiction to recall a sentence after the 120-day period "upon the recommendation" of certain authorized parties, which " ' "furnishe[d] the court with the jurisdiction it would not otherwise possess to recall and resentence." ' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) However, the most recent amendment expanded the trial court's own-motion

10

jurisdiction beyond the 120-day post-commitment period, allowing the trial court to recall a defendant's sentence "*at any time* if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law. . . ." (§ 1172.1, subd. (a)(1).)

Because the Legislature appended this language to the preexisting language that created own-motion jurisdiction during the 120-day period, the most natural reading of the appended language is that it operates as a jurisdictional precondition in much the same way—i.e., the trial court has own-motion jurisdiction to recall and resentence "at any time" provided the applicable sentencing laws have changed. Such jurisdiction is not contingent on the occurrence of any other event; as with own-motion jurisdiction during the 120-day period, it exists as a matter of statute, regardless of whether any other party does something—even if the court does nothing to exercise it. "Where the Legislature has explicitly granted the trial court 'jurisdiction to mitigate a prison sentence *even after* execution of a sentence has commenced,' the trial court necessarily retains the jurisdiction to do so. [Citation.]" (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157.)

Although the recent amendments to section 1172.1 also added subdivision (c), clarifying that a defendant is "not entitled to file a petition seeking relief from the court," the plain language of the statute does not prohibit a defendant from making an informal request. (*Roy*, *supra*, 110 Cal.App.5th at p. 997.) (See also *Baker v. Superior Court* (Oct. 2, 2024, No. S286009) ____Cal.5th___[2024 Cal. LEXIS 5515] petn. for review den. Oct. 2, 2024 (conc. statement of Evans, J.) (*Baker*)) ["Defendants, although not expressly permitted to initiate recall and resentencing themselves, may nonetheless be able to 'invite' the court to exercise its discretionary powers."]) Furthermore, if the applicable sentencing laws have changed in a given case, nothing in the language of section 1172.1 prohibits a trial court from exercising its own-motion jurisdiction to recall the defendant's sentence following an informal request consistent with *Dix*, *supra*. (*Roy*, at p. 998.)

11

By the same token, although section 1172.1 provides that a trial court is not required to respond to a defendant's request for relief, a trial court obviously has jurisdiction to expressly *deny* such a request. When the conditions for own-motion jurisdiction under section 1172.1 are satisfied, we see no meaningful distinction between an order expressly denying the request and a decision by the court declining to exercise its own-motion jurisdiction in response to a request. (See *Hodge*, *supra*, 107 Cal.App.5th at p. 994 [trial court's decision declining to exercise its discretion to recall defendant's sentence constituted an "order" within the meaning of section 1237, subdivision (b)].) Even if the trial court simply ignores a request with complete silence, doing so is within the court's jurisdiction, as section 1172.1 creates jurisdiction statutorily, whether the court exercises it or not.

But the trial court having jurisdiction over whether to respond to an informal request for relief under section 1172.1 does not make the trial court's decision appealable unless the decision affects the defendant's substantial rights under section 1237, subdivision (b). The Attorney General does not dispute that the trial court had own-motion jurisdiction under section 1172.1 because the applicable sentencing laws had changed. Nor does the Attorney General dispute that the trial court's oral response on the record constitutes an "order made after judgment" within the meaning of section 1237, subdivision (b). We agree with the Attorney General, however, that the trial court's order in this case did not affect Perez's substantial rights. Perez points to nothing in the record showing otherwise. Instead, Perez relies solely on the language of section 1172.1 and the relevant caselaw to support his argument, just as the Attorney General relies on these sources for the contrary position.[3]

---

[3] Perez relies primarily on *People v. Chatman* (2025) 108 Cal.App.5th 650, but that opinion has since been vacated.

12

We see nothing in the record showing the trial court's order affected Perez's substantial rights under section 1237, subdivision (b).  Accordingly, we conclude we lack jurisdiction, and we will dismiss the appeal.

### III.    DISPOSITION

The appeal is dismissed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Lie, J.


People v. Perez
H052417